David M. Goodrich (CA Bar No. 208675)
*dgoodrich@sulmeyerlaw.com*
Steven F. Werth (CA Bar No. 205434)
*swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

[Proposed] Attorneys for Plaintiff
Howard M. Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:17-bk-12392-BR |
| MARK ELIAS CRONE, | Chapter 7 |
| Debtor. | Adv. No. |
| HOWARD M. EHRENBERG, Chapter 7 Trustee, | **COMPLAINT FOR:** |
| Plaintiff, | **(1) AVOIDANCE OF TRANSFER UNDER 11 U.S.C. § 548** |
| vs. | **(2) AVOIDANCE OF TRANSFER UNDER CCC § 3439.04(a)(1);** |
| SUSAN I. CRONE, an individual, ASCENDANT GLOBAL ADVISORS, INC., a Nevada corporation, | **(3) AVOIDANCE OF TRANSFER UNDER CCC § 3439.04(a)(2);** |
| Defendants. | **(4) AVOIDANCE OF TRANSFER UNDER CCC § 3439.05;** |
| | **(5) RECOVERY OF TRANSFERRED PROPERTY OR VALUE THEREOF;** |
| | **(6) PRESERVATION OF AVOIDED TRANSFER;** |
| | **(7) DECLARATORY RELIEF; AND** |
| | **(8) AN INJUNCTION** |

DMG\ 2579526.1

For his *Complaint for: (1) Avoidance Transfer Under 11 U.S.C. § 548, (2) Avoidance of Transfer Under California Civil Code § 3439.04(A)(1); (3) Avoidance Of Transfer Under 11 California Civil Code § 3439.04(A)(2); (4) Avoidance Transfer Under California Civil Code § 3439.05; (5) Recovery Of Transferred Property Or Value Thereof; (6) Preservation Of Avoided Transfer; (7) Declaratory Relief and (8) an Injunction* ("Complaint"), plaintiff Howard M. Ehrenberg ("Plaintiff"), the duly appointed, qualified, and acting Chapter 7 Trustee for the estate of Mark Elias Crone, the above-captioned debtor ("Debtor"), hereby alleges as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O). This action is a proceeding arising in and/or related to the bankruptcy case of *In re Mark Elias Crone,* Bk. Case No. 2:17-bk-12392-BR ("Bankruptcy Case"), which is a case under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, ("Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court" or "Court"). Regardless of whether this proceeding is core, non-core, or otherwise, the Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

3. The Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee of the Debtor's bankruptcy estate ("Estate"). The Plaintiff brings this action solely in his capacity as the chapter 7 trustee. To the extent that the Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), the Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Debtor's petition was filed.

4. The Plaintiff was appointed after the filing of the Bankruptcy Case. As a result, the Plaintiff may not have personal knowledge of certain facts alleged in this Complaint that

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

occurred prior to his appointment and, to the extent that is the case, the Plaintiff alleges all such facts on information and belief. To the extent the Plaintiff may not have personal knowledge of any other facts alleged herein, whether relating to acts and events before or after his appointment, all such facts are alleged on information and belief. The Plaintiff reserves the right to amend this Complaint to allege additional claims against one or more of the above-captioned defendants, to challenge, avoid, and/or recover transfers other than and in addition to those alleged in this Complaint, to name additional defendants, and to otherwise amend this Complaint.

5. The Plaintiff is informed and believes, and based thereon alleges, that defendant Susan I. Crone ("Susan"), is an individual residing in the State of Connecticut, in the County of Hartford, Town of Glastonbury. The Plaintiff is further informed and believes, and based thereon alleges, that up through December 16, 2016, Susan was married to the Debtor.

6. The Plaintiff is informed and believes, and based thereon alleges, that defendant Ascendant Global Advisors, Inc., formerly known as CKR Global Advisors, Inc. ("Ascendant"), is a Nevada corporation with its principal place of business in the State of Nevada. The Plaintiff is informed and believes, and based thereon alleges the Debtor is the president, secretary, treasurer and sole director of Ascendant and a shareholder of Ascendant.

7. All of the acts complained of herein by the Plaintiff against defendants were done and performed by said defendants by and through their authorized agents, servants and/or employees, and each of them, all of whom at all relevant times herein were acting within the course, purpose and scope of said agency, service and/or employment capacity and/or in their individual capacity but purportedly within the course, purpose and scope of said agency, service and/or employment capacity. Moreover, defendants and their agents ratified all of the acts complained of herein.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. The Plaintiff is informed and believes, and based thereon alleges, that Susan and the Debtor were married in 1992 ("Marriage").

9. The Plaintiff is informed and believes, and based thereon alleges, that in or about May 2010, Debtor formed an entity called Sands of Time, Inc. in the State of Nevada and was its sole shareholder, director and officer.

10. The Plaintiff is informed and believes, and based thereon alleges, that Sands of Time, Inc. changed its name to Flourz GF Bakery CT, Inc.

11. The Plaintiff is informed and believes, and based thereon alleges, that Flourz GF Bakery CT, Inc. changed its name to CKR Global Advisors, Inc. ("CKR GA").

12. The Plaintiff is informed and believes, and based thereon alleges, that CKR GA contends Jeffrey A. Rinde ("Rinde") is a shareholder, director and officer of CKR GA.

13. The Plaintiff is informed and believes, and based thereon alleges, that CKR Global Advisors, Inc. changed its name to Ascendant Global Advisors, Inc. ("Ascendant").

14. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor owned or held an interest in at least 50% of Ascendant on the Petition Date.

15. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor is the sole director and officer of Ascendant.

16. The Plaintiff is informed and believes, and based thereon alleges that Rinde and the Debtor became estranged at some point before the Petition Date and Rinde seized control of Ascendant from the Debtor.

17. The Plaintiff is informed and believes, and based thereon alleges, that Ascendant owns 100,000 shares of Akoustis Technologies, Inc., a publicly traded company ("AKTS Shares"), with a value per share of approximately $10.00. As of the date of this Complaint, the value of the AKTS Shares was approximately $1,000,000.

18. The Plaintiff is informed and believes, and based thereon alleges, that Ascendant owns no other assets of value other than the AKTS Shares.

19. The Plaintiff is informed and believes, and based thereon alleges that Ascendant claims to have debts of approximately $234,000.

DMG\ 2579526.1                    4

20. The Plaintiff is informed and believes, and based thereon alleges Ascendant, with Rinde at the helm, desires to wind down, pay all alleged debts, and make distributions to equity holders.

21. The Plaintiff is informed and believes, and based thereon alleges that some of Ascendant's alleged debts are debts of CKR Law, a law firm founded by the Debtor, Scott Klien and Rinde, and are not debts of Ascendant.

22. The Plaintiff is informed and believes, and based thereon alleges that no other shareholder of Ascendant desires to wind down Ascendant other than Rinde because (a) the value of the AKTS Shares may increase thereby increasing the shareholders' equity in Ascendant, and (b) some, if not all, of the alleged debts of Ascendant are not enforceable against Ascendant.

23. The Plaintiff is informed and believes, and based thereon alleges that should the AKTS Shares be sold and/or the alleged debts of Ascendant paid, the Estate's interest in Ascendant will be greatly diminished.

24. The Plaintiff is informed and believes, and based thereon alleges that should Rinde wind down Ascendant under these circumstances, creditors of the Estate will be harmed.

25. The Plaintiff is informed and believes, and based thereon alleges, that during the course of the Marriage, Debtor owned 150,000 shares of Global Technologies, Inc., a publicly traded company ("GTII Shares").

26. The Plaintiff is informed and believes, and based thereon alleges, that Debtor expects to receive an inheritance upon the death of his father, Lawrence Bruce Crone ("LBC Inheritance").

27. The Plaintiff is informed and believes, and based thereon alleges, that the Inheritance will include an interest in an irrevocable insurance trust, *Lawrence B. Crone Irrevocable Trust Dated 4/5/1993*, Richard T. Nesbitt, Trustee ("Trust").

28. The Plaintiff is informed and believes, and based thereon alleges, that the Marriage was dissolved pursuant to a *Dissolution Of Marriage (Divorce) Judgment* entered in the State of Connecticut Superior Court on December 16, 2016 ("Judgment").

29. The Plaintiff is informed and believes, and based thereon alleges, that as part of the Judgment, the Debtor and Susan into a *Marital Settlement Agreement* dated November 30, 2016 ("MSA").

30. The Plaintiff is informed and believes, and based thereon alleges, that Susan was, or claims to have been, entitled to support payments of no less than $6,000 per month from the Debtor ("Alimony").

31. The Plaintiff is informed and believes, and based thereon alleges, that in exchange for a reduction of Alimony due to Susan, the Debtor agreed to transfer to Susan his interest in Ascendant, and not the shares of Ascendant, as well as GTII and the LBC Inheritance (collectively "Transferred Assets").

32. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor's interest in Ascendant, and not his shares in Ascendant, were transferred along with his interest in GTII and the LBC Inheritance to Susan ("Transfer").

33. The Plaintiff is informed and believes, and based thereon alleges, that prior to the Transfer, the Debtor's creditors could satisfy their debts against the Transferred Assets.

34. Assets transferred under a martial agreement are subject to avoidance under 11 U.S.C. §548 and California Civil Code ("CCC") §§ 3439.04 and 3439.05. *Mejia v. Reed*, 31 Cal. 4th 657 (2003), (holding property voluntarily transferred under a marital settlement agreement is subject to avoidance under CCC §§ 3439.04 and 3439.05).

35. A release of child or spousal support is not adequate consideration for a transfer of an interest in property. *In re Carbaat*, 357 B.R. 553 (Bankr. N.D. Cal 2006) (noting the definition of "value" under 11 U.S.C. § 548(d)(2)(A) and CCC § 3439.03 excludes an unperformed promise to provide future support to the debtor or to another person); *Hahn v. Leong (In re Llamas)*, 2011 Bankr. LEXIS 4779 [*40] (Bankr. C.D. Cal. Dec. 12, 2011) (holding the transfer of property in exchange for a release from an obligation to pay support was is not adequate consideration for purposes of satisfying "value" required under CCC 3439.04 and 3439.05).

36. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor did not and has not received adequate consideration from Susan for the Transferred Assets.

## FIRST CLAIM FOR RELIEF

## (For Avoidance of Transfer Under 11 U.S.C. § 548)

## (Against Susan and DOES 1-10)

37. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 - 36, inclusive, of this Complaint as though set forth in full.

38. The Plaintiff is informed and believes and on that basis alleges, that the Transfer occurred within 2 years of the Petition Date.

39. The Plaintiff is informed and believes and on that basis alleges, that the Transfer was made by the Debtor with the actual intent to hinder, delay or defraud his creditors.

40. The Plaintiff is informed and believes and on that basis alleges, that the Transfer was made by the Debtor to or for the benefit of Susan who did not provide the Debtor with reasonably equivalent value and/or did not take such transfer in good faith.

41. The Plaintiff is entitled to judgment under 11 U.S.C. §§ 544(b), 548 and 550(a) that the Transfer is avoided.

## SECOND CLAIM FOR RELIEF

## (For Avoidance of Transfer Under CCC § 3439.04(a)(1))

## (Against Susan and DOES 1-10)

42. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-41, inclusive, of this Complaint as though set forth in full.

43. The Plaintiff is informed and believes and on that basis alleges, that the Transfer occurred with 4 years of the Petition Date.

44. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor entered into the MSA and made the Transfer pursuant thereto, with the actual intent to hinder, delay and/or defraud Debtor's creditors in that, among other things,

    a. at all relevant times, Susan was an insider of the Debtor;

    b. the MSA was not disclosed to Debtor's other creditors and the Transfer was concealed;

      c.    the Transfer effectuated a transfer of substantially all of the Debtor's assets in that, among other things, the assets with which the Debtor was left following the MSA had little to no value or had values far less than the values of the Transferred Assets;

      d.    the value of the consideration the Debtor received (if any) in exchange for the Transferred was not reasonably equivalent to the value of the Transferred Assets;

      e.    the Debtor was insolvent at the time of the Transfer or became insolvent as a result of or shortly after the Transfer; and

      f.    the Transfer occurred after the Debtor incurred substantial debt.

45.    The Plaintiff is entitled to judgment that the Transfer is avoided and/or providing any other remedy available under applicable law.

## **THIRD CLAIM FOR RELIEF**

## **(For Avoidance Of Transfer Under CCC § 3439.04(a)(2))**

## **(Against Susan and DOES 1-10)**

46.    The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 - 45, inclusive, of this Complaint as though set forth in full.

47.    The Plaintiff is informed and believes and on that basis alleges, that the Transfer occurred with 4 years of the Petition Date.

48.    The Plaintiff is informed and believes, and based thereon alleges, that at the time of the Transfer, the Debtor: (a) was engaged in or was about to be engaged in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; and/or (b) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

49.    The Plaintiff is entitled to judgment that the Transfer is avoided and/or providing any other remedy available under applicable law.

/ / /

/ / /

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

### (For Avoidance Of Transfer Under CCC § 3439.05(a))

### (Against Susan and DOES 1-10)

50. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 - 49, inclusive, of this complaint as though set forth in full.

51. The Plaintiff is informed and believes and on that basis alleges, that the Transfer occurred with 4 years of the Petition Date.

52. The Plaintiff is informed and believes and thereon alleges that there was at least one creditor whose claim arose prior to the Transfer.

53. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer and was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

## FIFTH CLAIM FOR RELIEF

### (For Recovery Of Avoided Transfer Under 11 U.S.C. § 550)

### (Against Susan and DOES 1-10)

54. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-53, inclusive, of this complaint as though set forth in full.

55. The Transfers, and each of them, occurred within four years of the Petition Date.

56. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer is a transfer that should be avoided pursuant to 11 U.S.C. § 544 and, based thereon, the Plaintiff is entitled to avoid the Transfer.

57. The Plaintiff is informed and believes, and based thereon alleges, that Susan is the initial transferee of the Transfer within the meaning of 11 U.S.C. § 550(a), or an immediate or mediate transferee of the initial transferee.

58. The Plaintiff is entitled to judgment for the recovery of the Transferred Assets, or the value hereof, including any increase in the value of the Transferred Assets since the date of the Transfer, together with interest at the applicable rate from the date of the Transfer, for the benefit of the Estate.

## SIXTH CLAIM FOR RELIEF

## (For Preservation Of Transfers Avoided Under 11 U.S.C. § 551)

## (Against Susan and DOES 1-10)

59. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 - 58, inclusive of this complaint as though set forth in full.

60. The Plaintiff is entitled to an order and/or judgment preserving, for the benefit of the estate, the Transfer once avoided.

## SEVENTH CLAIM FOR RELIEF

## (For Declaratory Relief)

## (Against all Defendants)

61. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 - 60, inclusive, of this complaint as though set forth in full.

62. The Plaintiff is informed and believes, and based thereon alleges, that an actual controversy exists between the Plaintiff, Susan and Ascendant, relating to the Estate's rights regarding Ascendant.

63. The Plaintiff further contends that, despite the MSA, the Debtor's interest in Ascendant is property of the Estate.

64. The Plaintiff further contends that the Debtor is the president, secretary, treasurer and sole director of Ascendant.

65. The Plaintiff further contends that Plaintiff, as the sole representative of the Estate, is the president, secretary, treasurer and sole director of Ascendant affording the Plaintiff the exclusive powers to govern Ascendant, including the power to sell all Ascendant's assets and wind down its affairs, should the Plaintiff decide to do so.

66. The Plaintiff is informed and believes, and based thereon alleges, that Susan disputes each of the Plaintiff's contentions in paragraph 63 above.

67. The Plaintiff is informed and believes, and based thereon alleges, that Ascendant disputes each of the Plaintiff's contentions in paragraphs 63 through 65 above.

68.  As a result of the foregoing controversies and disputes, a judicial declaration of one or more of the following is necessary and appropriate: (a) that, notwithstanding the MSA, the Debtor's interest in Ascendant is property of the Estate; (b) Debtor is the president, secretary, treasurer and sole director of Ascendant; and (c) Plaintiff, as the sole representative of the Estate, is the president, secretary, treasurer and sole director of Ascendant affording the Plaintiff the exclusive powers to govern Ascendant, including the power to sell all Ascendant's assets and wind down its affairs, should the Plaintiff decide to do so.

## EIGHTH CLAIM FOR RELIEF

### (For Injunctive Relief)

69.  The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 - 68, inclusive, of this complaint as though set forth in full.

70.  The Plaintiff is informed and believes, and based thereon alleges, that Ascendant intends to sell all of the AKTS Shares and pay creditors of Ascendant despite the objections of the Plaintiff.

71.  The Plaintiff is informed and believes, and based thereon alleges, that the value of AKTS will not significantly increase or decrease during the pendency of this proceeding.

72.  The Plaintiff is informed and believes, and based thereon alleges, that some, or all, of the alleged debts of Ascendant are not valid and enforceable debts of Ascendant.

73.  The Plaintiff is informed and believes, and based thereon alleges, that some, or all, of the alleged debts of Ascendant are debts of CKR Law, not Ascendant.

74.  The Plaintiff is informed and believes, and based thereon alleges, that Ascendant's plan to sell all of the AKTS Shares to pay alleged debts of Ascendant, which are not all valid and enforceable debts of Ascendant, is wrongful conduct which will cause irreparable harm to the Estate.

75.  The Plaintiff is informed and believes, and based thereon alleges, that unless and until enjoined and restrained by order of this Court, any sale of the AKTS Shares and/or payment of the alleged debts of Ascendant will cause great and irreparable injury to the Estate. On the other hand, Ascendant will not suffer any harm if it is enjoined from selling the AKTS Shares

and/or paying alleged creditors of Ascendant because the stock price of Akoustis Technologies, Inc. has remained relatively stable over and has increased from $3.00 per share when it was offered as an initial public offering in March 2016 to $13.00 per share in March 2017 and is currently trading at $10.00 per share. Accordingly, the balance of hardships is clearly in favor of the Estate.

76. The Estate has no adequate remedy at law for the injuries that are being threatened. Should the AKTS shares be sold and/or the alleged creditors of Ascendant paid from the AKTS Shares sale proceeds, the Estate's interest in Ascendant will be greatly diminished, all to the detriment of creditors of the Estate. An injunction is the only remedy available in this instance to prevent Ascendant from selling the AKTS Shares and/or paying alleged debts of Ascendant.

77. The Plaintiff contends that he will succeed in this proceeding because the Transfer is avoidable as a result of inadequate value provided to the Debtor (reduction in Alimony) for the Transferred Assets (at least $500,000 in equity in Ascendant). *See In re Carbaat*, 357 B.R. 553 (Bankr. N.D. Cal 2006); *Hahn v. Leong (In re Llamas)*, 2011 Bankr. LEXIS 4779 [*40] (Bankr. C.D. Cal. Dec. 12, 2011).

78. The Plaintiff contends that the Debtor is the president, secretary, treasurer and sole director of Ascendant notwithstanding the validity or invalidity of the transfer of the Ascendant Shares and that the Plaintiff, standing in the shoes of the Debtor, has exclusive authority to govern the affairs of Ascendant.

79. As such, Ascendant, and any authorized agents, servants and/or employees of Ascendant other than the Plaintiff, should be temporarily and permanently enjoined and prohibited from any use, disbursement, or other dissipation of the AKTS Shares or any other asset of Ascendant, including making payment to alleged creditors of Ascendant.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. That the Transfers be avoided and/or providing any other remedy available under applicable law;

///

**ON THE SECOND CLAIM FOR RELIEF:**

2. That the Transfers be avoided and/or providing any other remedy available under applicable law;

**ON THE THIRD CLAIM FOR RELIEF:**

3. That the Transfers be avoided and/or providing any other remedy available under applicable law;

**ON THE FOURTH CLAIM FOR RELIEF:**

4. That the Transfers be avoided and/or providing any other remedy available under applicable law;

**ON THE FIFTH CLAIM FOR RELIEF:**

5. For the recovery of the Transferred Assets, or the value thereof, including any increase in the value of the Transferred Assets since the date of the Transfers, with interest at the applicable rate from the date of the Transfers, for the benefit of the Estate;

**ON THE SIXTH CLAIM FOR RELIEF:**

6. Preserving, for the benefit of the estate, the Transferred Assets once the Transfers are avoided;

**ON THE SEVENTH CLAIM FOR RELIEF:**

7. For a judicial declaration of, one or more of the following: (a) that, notwithstanding the MSA, the Debtor's interest in Ascendant is property of the Estate; (b) Debtor is the president, secretary, treasurer and sole director of Ascendant; and (c) Plaintiff, as the sole representative of the Estate, is the president, secretary, treasurer and sole director of Ascendant affording the Plaintiff the exclusive powers to govern Ascendant, including the power to sell all Ascendant's assets and wind down its affairs, should the Plaintiff decide to do so.

**ON THE EIGHTH CLAIM FOR RELIEF:**

7. For a preliminary and permanent injunction prohibiting Ascendant, and any agent, employee, subsidiary, equity holder or other affiliate from taking any action to dispose of any assets of Ascendant, including, but not limited to, the sale of the AKTS Shares, the payment of

1  any debt of Ascendant and the distribution of funds or property of Ascendant to shareholders of
2  Ascendant or any related entity.

3  **ON ALL CLAIMS FOR RELIEF:**

4  8. For costs of suit incurred herein, including, without limitation, attorney's fees; and

5  9. For such other and further relief as is just and proper.

6  DATED: May 17, 2017            **Sulmeyer**Kupetz
                                  A Professional Corporation
7

8

9                                 By:    */s/ David M. Goodrich*
                                         David M. Goodrich
10                                       Attorneys for Plaintiff
                                         Howard M. Ehrenberg, Chapter 7 Trustee
11

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

DMG\ 2579526.1                    14

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> HOWARD M. EHRENBERG, Chapter 7 Trustee | **DEFENDANTS** <br> SUSAN I. CRONE, an individual, ASCENDANT GLOBAL ADVISORS, INC., a Nevada corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> David M. Goodrich (CA State Bar No. 208675) <br>   *dgoodrich@sulmeyerlaw.com* <br> **Sulmeyer**Kupetz, A Professional Corporation <br> 333 South Hope Street, 35th Floor <br> Los Angeles, CA  90071 <br> Telephone: 213.626.2311; Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☒ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**COMPLAINT FOR:  (1) AVOIDANCE OF TRANSFER UNDER 11 U.S.C. § 548; (2)  AVOIDANCE OF TRANSFER UNDER CCC § 3439.04(a)(1); (3) AVOIDANCE OF TRANSFER UNDER CCC § 3439.04(a)(2); (4) AVOIDANCE OF TRANSFER UNDER CCC § 3439.05; (5) RECOVERY OF TRANSFERRED PROPERTY OR VALUE THEREOF; (6) PRESERVATION OF AVOIDED TRANSFER; (7) DECLARATORY RELIEF; AND (8) AN INJUNCTION**

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 70 01( 1) – Recovery of Money/Property** <br> ☐ 11-Recovery of money/property - §542 turnover of property <br> ☐ 12-Recovery of money/property - §547 preference <br> ☒ 13-Recovery of money/property - §548 fraudulent transfer <br> ☐ 14-Recovery of money/property - other <br><br> **FRBP 70 01 (2) – Validity, Priority or Extent of Lien** <br> ☐ 21-Validity, priority or extent of lien or other interest in property <br><br> **FRBP 7001( 3) – Approval of Sale of Property** <br> ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) <br><br> **FRBP 7001(4 ) – Objection/ Revocation of Discharge** <br> ☐ 41-Objection/re vocation of discharge - §727(c),(d),(e) <br><br> **FRBP 7001(5) – Revocation of Confirmation** <br> ☐ 51-Revocation of confirmation <br><br> **FRBP 7001(6) – Dischargeability** <br> ☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims <br> ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud <br> ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny <br><br> **(continued next column)** | **FRBP 70 01(6) – Dischargeability (continued)** <br> ☐ 61 -Dischargeability- §523(a)(5 ), domestic support <br> ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury <br> ☐ 63-Dischargeability - §523(a)(8), student loan <br> ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) <br> ☐ 6 5 -Dischargeability - other <br><br> **FRBP 70 01(7) – Injunctive Relief** <br> ☒ 71 -Injunctive relief- imposition of stay <br> ☐ 72-Injunctive relief - other <br><br> **FRBP 70 01(8) Subordination of Claim or Interest** <br> ☐ 81 -Subordination of claim or interest <br><br> **FRBP 70 01(9) Declaratory Judgment** <br> ☒ 91 -Declaratory judgment <br><br> **FRBP 70 01(10) Deter mi nation of Remove d Act ion** <br> ☐ 01 -Determination of removed claim or cause <br><br> **Other** <br> ☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.* <br> ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand |
| Other Relief Sought <br> Avoidance of transfer; recovery of transferred assets; injunctive relief; costs of suit including, without limitation, attorneys' fees | |

ALS\ 2580130.1

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>MARK ELIAS CRONE | BANKRUPTCY CASE NO.<br>2:17-bk-12391-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>Barry Russell |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ David M. Goodrich* | | |
| DATE<br>May 17, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David M. Goodrich<br>**Sulmeyer**Kupetz, A Professional Corporation | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.