David M. Goodrich (CA Bar No. 208675)
  *dgoodrich@sulmeyerlaw.com*
Steven F. Werth (CA Bar No. 205434)
  *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

[Proposed] Attorneys for Plaintiff
Howard M. Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| In re | Case No. 2:17-bk-12392-BR |
|---|---|
| MARK ELIAS CRONE, | Chapter 7 |
| Debtor. | Adv. No. 2:17-ap-01276-BR |
| HOWARD M. EHRENBERG, Chapter 7 Trustee, | **MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF HOWARD M. EHRENBERG AND DAVID M. GOODRICH IN SUPPORT THEREOF** |
| Plaintiff, | |
| vs. | |
| SUSAN I. CRONE, an individual, ASCENDANT GLOBAL ADVISORS, INC., a Nevada corporation, and DOES 1-10, inclusive | Date:   June 27, 2017
Time:   2:00 p.m.
Place:   Courtroom 1668
         Royal Federal Building
         255 East Temple Street
         Los Angeles, California 90012 |
| Defendants. | |

*Left margin, vertical text:* **Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

DMG\ 2579715.1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................3

II.     LEGAL BASIS FOR RESTRAINING ORDER/INJUNCTIVE RELIEF ............................5

    A.      Strong Likelihood Of Success On The Merits ........................................6

    B.      Irreparable Injury Will Be Suffered By The Plaintiff If  An Injunction Is Not Issued................................................................................................8

    C.      The Balancing Of The Hardships Favors The Plaintiff...........................9

    D.      Advancement Of Public Interest Favors The Plaintiff ..........................10

III.    CONCLUSION ................................................................................................10

DECLARATION OF HOWARD M. EHRENBERG....................................................11

DECLARATION OF DAVID M. GOODRICH .........................................................13

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>CASES</u>

*Hahn v. Leong (In re Llamas)*
    2011 Bankr. LEXIS 4779 (Bankr. C.D. Cal. Dec. 12, 2011) .......................................... 5, 7

*Hernandez v. Downey S&L Ass'n*
    2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009) .......................................... 6, 8, 9

*In re Carbaat,*
    357 B.R. 553 (Bankr. N.D. Cal 2006) .......................................... 5, 7

*In re Eagle-Picher Indus., Inc.*
    963 F.2d 855 (6th Cir. Ohio 1992) .......................................... 10

*In re Nat'l Century Fin. Enters.*
    289 B.R. 873 (Bankr. S.D. Ohio 2003) .......................................... 10

*Owner-Operator Ind. Drivers Ass'n v. Swift Transp. Co.*
    367 F.3d 1108 (9th Cir. 2004) .......................................... 6, 8, 9

*Rinard v. Positive Invs., Inc. (In re Rinard)*
    451 B.R. 12 (Bankr. C.D. Cal. 2011) .......................................... passim

*Simula, Inc. v. Autoliv, Inc.*
    175 F.3d 716 (9th Cir. 1999) .......................................... 8

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*
    240 F.3d 832 (9th Cir. Cal. 2001) .......................................... 5

## <u>STATUTES</u>

11 U.S.C.

    § 105(a) .......................................... 5

    § 541(c)(1) .......................................... 6

    § 548 .......................................... 8

    § 548(d)(2)(A) .......................................... 5

Cal. Civ. C.

    § 3439.03 .......................................... 5

    § 3439.04 .......................................... 5, 8

    § 3439.05 .......................................... 5, 8

NVRS

    § 78.565 .......................................... 6, 7

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## RULES

Fed. R. Bankr. P.

      Rule 7065 ................................................................................................................. 5

Fed. R. Civ. P.

      Rule 65 ..................................................................................................................... 5

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

2  **DEFENDANTS SUSAN CRONE AND ASCENDANT GLOBAL ADVISORS, INC., FKA**

3  **CKR GLOBAL ADVISORS, INC., AND ALL OTHER PARTIES-IN-INTEREST:**

4  Plaintiff Howard M. Ehrenberg ("Plaintiff"), in his capacity as the duly appointed and

5  acting chapter 7 trustee of the bankruptcy estate ("Estate") of Mark Elias Crone ("Debtor") hereby

6  seeks an order for a preliminary injunction prohibiting Susan Crone ("Susan")[1] and Ascendant

7  Global Advisors, Inc., formerly known as CKR Global Advisors, Inc. ("Ascendant"), and any

8  agent, employee, subsidiary, equity holder or other affiliate of Susan[2] or Ascendant from taking

9  any action to dispose of assets of Ascendant, including, but not limited to: (1) the sale of any of

10  the 100,000 shares of Akoustis Technologies, Inc. ("AKTS Shares") owned by Ascendant, (2) the

11  payment of any debts of Ascendant from any proceeds of the AKTS Shares, should they be sold,

12  (3) the distribution of funds or property of Ascendant to shareholders of Ascendant or any related

13  entity, creditor or other interest holder, during the pendency of this proceeding.

14  The Plaintiff claims a legal and equitable interest in Ascendant.  Ascendant plans to sell its

15  only asset of value - the AKTS Shares.  From the sale proceeds, Ascendant proposes to pay all of

16  the alleged debts of Ascendant even though these debts may not be valid and enforceable debts of

17  Ascendant.  If such action is not enjoined during the pendency of this proceeding, the planned

18  conduct of Ascendant will cause irreparable harm to the Estate.  On the other hand, Ascendant will

19  not suffer any harm if it is enjoined from selling the AKTS Shares and/or paying alleged creditors

20  of Ascendant because the stock price of Akoustis Technologies, Inc. has remained relatively stable

21  over the last month and increased from $3.00 per share when it was offered as an initial public

22  offering in March 2016 to $13.00 per share in March 2017 and is currently trading at $10.00 per

23

24  _____

25  [1]   The Plaintiff has defined Susan Crone as "Susan" in an effort to differentiate Mrs. Crone from the Debtor.  No disrespect is intended by the use of her first name.

26  [2]   It is the Plaintiff's understanding that Susan does not want the AKTS Shares sold.  Out of

27  an abundance of caution, the Plaintiff seeks a preliminary injunction against Susan to ensure the rights of the Estate are protected during this proceeding, should the Court grant the requested

28  relief.

DMG\ 2579715.1

1    share.  The balance of hardships is clearly in favor of issuing a preliminary injunction in favor of

2    the Estate in order to maintain the status quo during the pendency of this proceeding.

3        The Plaintiff has no adequate remedy at law for the injuries that are being threatened.

4    Should the AKTS Shares be sold and/or the alleged creditors of Ascendant paid from the AKTS

5    Shares sale proceeds, the Estate's interest in Ascendant will be greatly diminished, all to the

6    detriment of creditors of the Estate.  An injunction is the only remedy available in this instance to

7    prevent Ascendant from selling the AKTS Shares and/or paying alleged debts of Ascendant.

8        Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, made applicable by Rule

9    7065 of the Federal Rules of Bankruptcy Procedure, the Plaintiff submits that the Court should

10    issue the requested injunction without need of security, given that the requested injunction is

11    designed preserve the assets of Ascendant. If the preliminary injunction is issued and later

12    dissolved, Ascendant would be free to sale the AKTS Shares and pay its alleged debts and equity

13    holders.

14        The Plaintiff has not previously applied for any judicial relief as herein requested based on

15    the facts giving rise to this relief.

16        This Application is based on the Complaint on file in this proceeding, on the Declaration

17    of David M. Goodrich and on the Memorandum of Points and Authorities filed herein.

18

19    DATED:  May 23, 2017            **Sulmeyer**Kupetz
                                      A Professional Corporation
20

21

22                            By:   */s/David M. Goodrich*
                                    _____
23                                  David M. Goodrich
                                    Attorneys for Plaintiff
24                                  Howard M. Ehrenberg, Chapter 7 Trustee

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL  213.626.2311 • FAX  213.629.4520

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Less than 90 days before filing his voluntary petition, the Debtor entered into a *Marital Settlement Agreement* ("MSA") with Susan which was approved by a Connecticut Superior Court on December 16, 2016.  *See* **Exhibit A** to the Declaration of David M. Goodrich ("Goodrich Declaration").   During the course of their marriage, the Debtor became a shareholder of Ascendant.  Ascendant owns 100,000 shares of Akoustis Technologies, Inc., a publicly traded company, with a value per share of common stock of approximately $10.00.  *See* **Exhibits A** and **B** to the Goodrich Declaration.  As of the date of this Motion, the value of the AKTS Shares was approximately $1,000,000.  *See* Goodrich Declaration.  Under the MSA, the Debtor agreed to transfer his interest in Ascendant to Susan in exchange for a reduction of the Debtor's obligations to pay monthly support to Susan.  *See* **Exhibit A** and the Goodrich Declaration.

In or about May 2010, the Debtor formed an entity called Sands of Time, Inc. in the State of Nevada.  *See* **Exhibit C**, at ¶3, to the Goodrich Declaration.  Sands of Time, Inc. changed its name to Flourz GF Bakery CT, Inc.  *See* **Exhibit C**, at ¶3, to the Goodrich Declaration.  Flourz GF Bakery CT, Inc. changed its name to CKR Global Advisors, Inc. ("CKR GA")  *See* **Exhibit C,** at ¶3, to the Goodrich Declaration.

Jeffrey A. Rinde ("Rinde") has alleged that none of the iterations of Ascendant that preceded CKR GA issued stock to its shareholders.  *See* **Exhibit C**, at ¶4, to the Goodrich Declaration.  Rinde also claims that stock was issued in CKR GA in the amount of 100,000 to each shareholder – the Debtor, Rinde and Scott Klein ("Klein") (who later forfeited his interest).  *See* **Exhibit C**, at ¶5, to the Goodrich Declaration.  But Rinde's contention is belied by his own "proof" - CKR GA's board of directors provided written consent to simply ***issue shares*** of CKR GA  *See* **Exhibit C**, at ¶5 to the Goodrich Declaration.  Rinde further contends the Debtor fraudulently removed Rinde as the CEO and a director of CKR GA.  *See* **Exhibit C**, at ¶18, to the Goodrich Declaration.  Even though Rinde claims to be a shareholder of CKR GA, the only proof

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  of his ownership of CKR GA provided in his lawsuit against Susan and her counsel is an email

2  "confirming" ownership.  *See* **Exhibit C**, at ¶5, to the Goodrich Declaration.

3      In or about August or September 2015, CKR Global Advisors, Inc. changed its name to

4  Ascendant Global Advisors, Inc.  According to the records of the Nevada Secretary of State, the

5  Debtor is the sole director and officer of Ascendant.  *See* **Exhibit D** to the Goodrich Declaration.

6  Rinde contends the Debtor wrongfully renamed CKR GA to Ascendant and fraudulently removed

7  Rinde as a director and officer of CKR GA from the records of the Nevada Secretary of State.  *See*

8  **Exhibit C**, at ¶18, to the Goodrich Declaration.  Yet the Debtor remains on record as Ascendant's

9  sole director and officer and there is no evidence any shares were ever issued to Rinde for CKR

10  GA or Ascendant.   *See* **Exhibits C** and **D** to the Goodrich Declaration.  At a minimum, it's

11  unclear if Rinde has any right to serve as a director or officer of GA or Ascendant.

12      Rinde is attempting to control Ascendant's corporate affairs even though the Debtor is

13  listed as Ascendant's sole director and officer.  *See* **Exhibit D** to the Goodrich Declaration.  Rinde

14  desires to wind down Ascendant, pay all of Ascendant's alleged debts totaling $234,000 and make

15  distributions of remaining cash to Ascendant's equity holders. *See* **Exhibits C** (at ¶30) and **E** (at

16  Page 5, Lines 2-4, Page 6, Lines 20-21, Page 26, Lines 22-25, Page 27, Lines 18-20, and Page 34,

17  Lines 4-5, to the Goodrich Declaration.  Ascendant's debts, however, consist of purported "loans"

18  made by CKR Law to Ascendant, an entity formed by the Debtor, Scott Klein and Rinde. *See*

19  **Exhibit F** to the Declaration of Howard M. Ehrenberg.  CKR Law is currently owned by Rinde.

20  Initially Rinde offered to provide proof of debts owed by Ascendant, but Rinde later declined the

21  Plaintiff's request for proof of the alleged debts.  *See* Goodrich and Ehrenberg Declarations.

22      Susan's counsel is holding the share certificate issued for the AKTS Shares.  *See* Goodrich

23  Declaration.  Ascendant and Rinde have filed a civil action against Susan and her counsel seeking

24  a recovery of the certificate for the AKTS Share.  *See* **Exhibit C** to the Goodrich Declaration.

25  Susan has removed the litigation to the United States District Court for the Southern District of

26  New York ("<u>District Court</u>").  The District Court referred the case to the New York Bankruptcy

27  Court and the New York Bankruptcy Court is expected to determine if the litigation should be

28  referred to this Court or remanded to the New York state court. *See* Goodrich Declaration.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1      In his Complaint, the Plaintiff seeks a determination that the interest of the Debtor in

2  Ascendant is an asset of the Estate.  *See* **Exhibit G** to the Goodrich Declaration.  The Plaintiff also

3  seeks judgment declaring the Plaintiff the sole director and officer of Ascendant affording him the

4  exclusive right to control the affairs of Ascendant. *See* **Exhibit G** to the Goodrich Declaration.

5      In his Complaint, the Plaintiff further seeks a determination that the transfer of the Debtor's

6  interest in Ascendant to Susan is avoidable because the Debtor received insufficient consideration

7  in exchange for his interest in Ascendant.  *See In re Carbaat*, 357 B.R. 553 (Bankr. N.D. Cal

8  2006) (noting the definition of "value" under 11 U.S.C. § 548(d)(2)(A) and CCC § 3439.03

9  excludes an unperformed promise to provide future support to the debtor or to another person);

10  *Hahn v. Leong (In re Llamas)*, 2011 Bankr. LEXIS 4779 [*40] (Bankr. C.D. Cal. Dec. 12, 2011)

11  (holding the transfer of property in exchange for a release from an obligation to pay support was is

12  not adequate consideration for purposes of satisfying "value" required under CCC 3439.04 and

13  3439.05).

14      In order to preserve the status quo for the benefit of creditors of the Estate, the Plaintiff

15  seeks a preliminary injunction preventing Ascendant from selling the AKTS Shares and/or paying

16  alleged debts of Ascendant.

## II.

## LEGAL BASIS FOR RESTRAINING ORDER/INJUNCTIVE RELIEF

19      Bankruptcy courts have employed two alternative approaches to provide injunctive relief:

20  (1) pursuant to the court's equitable powers under 11 U.S.C. § 105(a), and (2) pursuant to Federal

21  Rule of Bankruptcy Procedure ("F.R.B.P.") 7065, which applies Federal Rule of Civil Procedure

22  ("F.R.C.P.") 65.  *Rinard v. Positive Invs., Inc. (In re Rinard)*, 451 B.R. 12, 21-22 (Bankr. C.D.

23  Cal. 2011).  When requesting relief under F.R.B.P. 7065 and F.R.C.P. 65, or via section 105(a),

24  the legal standards in the Ninth Circuit for the granting of a temporary restraining order or a

25  preliminary injunction are identical.  *See Rinard*, 451 B.R. at 22; *see also Stuhlbarg Int'l Sales Co.

26  v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. Cal. 2001) (where Court observed that the

27  analysis of granting a preliminary injunction compared to a temporary restraining order are

28  "substantially identical").

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

The traditional criteria for issuance of a temporary restraining order/preliminary injunction by a bankruptcy court involves consideration of four factors:  (1) likelihood of success on the merits, (2) likelihood of irreparable injury to movants if the injunction is not granted, (3) a balance of the hardships favoring the movants, and (4) advancement of the public interest (only in certain cases).  *See Owner-Operator Ind. Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004); *see generally Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009); *Rinard*, 451 B.R. at 22.  The evaluation of each of the four factors is not a separate inquiry, but rather should be viewed on a "sliding scale."  *Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495, 6.  Accordingly, courts are not required to lend equal weight to each factor.

### A.    <u>Strong Likelihood Of Success On The Merits</u>

In order to obtain a preliminary injunction, the moving party must show that there is a strong likelihood of success on the merits.  *See Owner-Operator Ind. Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004); *see generally Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009); *Rinard*, 451 B.R. at 22.

Here, there is a strong likelihood of success on the merits.  First, Rinde may only have an equity claim to ownership of Ascendant and the Debtor appears to be the sole director and officer of Ascendant.  *See* **Exhibits C**, at ¶5, and **D**.  While Rinde disputes the manner in which the Debtor became the sole director and officer of Ascendant, he nonetheless admits he is not listed as a director or officer.  *See* **Exhibit C**, at ¶18, to the Goodrich Declaration.  Upon the filing of the Debtor's petition, the Plaintiff stepped into the shoes of the Debtor.  *See* § 541(c)(1).  On this basis alone, the Plaintiff is entitled to declaratory relief that he is the sole director and officer of Ascendant with the exclusive right to control the corporate affairs of Ascendant – including the sale of Ascendant's assets and payment of its alleged debts, subject to any later determination of Rinde's right, if any, to be a director or officer.  And given the possibility Rinde may not be a shareholder of Ascendant, he should not be permitted to orchestrate a windup of Ascendant.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL  213.626.2311 • FAX  213.629.4520

1    Even if Rinde is properly in control of Ascendant, Nevada law prohibits the sale of

2    substantially all of a Nevada corporation's assets without shareholder approval.  Nevada Revised

3    Statutes ("NRS") § 78.565, provides, in pertinent part:

4    Sale, lease or exchange of assets: Authority; vote of stockholders.

5        1.  Unless otherwise provided in the articles of incorporation, every
     corporation may, by action taken at any meeting of its board of directors, sell, lease
6    or exchange all of its property and assets, including its goodwill and its corporate
     franchises, upon such terms and conditions as its board of directors may approve,
7    when and as authorized by the affirmative vote of stockholders holding stock in the
     corporation entitling them to exercise at least a majority of the voting power.

8

9    NRS § 78.565

10    The Plaintiff contends he is the legal and/or equitable holder of the Debtor's shares of

11    Ascendant and is entitled to vote on any proposed sale of the AKTS Share.  While the Debtor

12    agreed to transfer his interest in Ascendant to Susan, the Plaintiff has not been provided with any

13    proof that a share certificate has been issued in the name of Susan.  It is likely no shares have ever

14    been issued by Ascendant or any iteration that preceded it.  Even through the Debtor transferred

15    his interest in Ascendant, it appears the Debtor's legal interest (i.e., the share certificates for

16    Ascendant) was not transferred.  Accordingly, the Plaintiff is a shareholder who is entitled to vote

17    on the sale of the AKTS Share before Ascendant is permitted to sell it.  *See* Nevada Revised

18    Statutes § 78.565.

19    Even if the Plaintiff has no right to control the affairs of Ascendant and holds no interest in

20    Ascendant, a decision to sell the AKTS Share and pay all creditors and equity holders from the

21    proceeds is a sale of all, or substantially all, of Ascendant's assets.  At a minimum, Mrs. Crone

22    would be permitted to vote on the proposed sale of the AKTS Share. *See* Nevada Revised Statutes

23    § 78.565.  Currently, Ascendant does not intend to afford Mrs. Crone that right.  Even if it did,

24    Mrs. Crone does not want the AKTS stock sold.  *See* Goodrich Declaration.

25    Further, if the Court finds the Plaintiff is not currently a holder of any right to Ascendant –

26    he will acquire such right because the transfer of Ascendant to Susan is avoidable.  As noted

27    above, the Debtor did not receive reasonable equivalent value in exchange for his interest in

28    Ascendant.  *See In re Carbaat*, 357 B.R. 553 (Bankr. N.D. Cal 2006); *Hahn v. Leong (In re*

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

*Llamas)*, 2011 Bankr. LEXIS 4779 [*40] (Bankr. C.D. Cal. Dec. 12, 2011).  Moreover, the Debtor's schedules show he was insolvent at the time of the transfer of the Ascendant shares, or, alternatively, rendered insolvent as a result of the transfer of the Debtor's interest in Ascendant.  *See* **Exhibit H** to the Goodrich Declaration.  Namely, the Debtor lists $28,899.00 in assets and $1,896,096.42 in liabilities in his schedules.  *See* **Exhibit H**.  Even if the gross value of his stake in Ascendant (i.e., 50% of the $1,000,000 in AKTS stock) were used to determine the solvency of the Debtor when the transfer occurred, the Debtor was insolvent.  And after the transfer was made, he was unquestionably insolvent.  Because the Debtor received no value for his interest in Ascendant and he was either insolvent or rendered insolvent by the transfer, the Plaintiff will prevail under 11 U.S.C. § 548 and/or CCC 3439.04/3439.05 and recover the Debtor's interest in Ascendant.

In fact, Ascendant and Rinde agree the transfer of Ascendant to Susan by the Debtor was fraudulent as to them.[3]  *See* **Exhibit C**, at ¶25, to the Goodrich Declaration.  While Susan may argue the transfer of the Ascendant stock to her is not avoidable, Ascendant is, or should be, barred from making such a claim.

There is a strong likelihood the Plaintiff will prevail on one or more of his claims in connection with the Estate's interest in Ascendant.

**B.**     **Irreparable Injury Will Be Suffered By The Plaintiff If An Injunction Is Not Issued**

The second factor the be considered by the Court in determining if an injunction would issue is the likelihood of irreparable injury to movants if the injunction is not granted.  *See Owner-Operator Ind. Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004); *see generally Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009); *Rinard*, 451 B.R. at 22.  A temporary restraining order or preliminary injunction "may only be granted when the moving party has demonstrated a significant threat of irreparable injury."

---

[3]     It is unclear why a distinction is made between Ascendant and Rinde and all of the Debtor's other creditors.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999).  The threat of harm must also be

2    imminent.  *Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495 at 26.

3    　　　Ascendant intends to recover the certificate for the AKTS Shares, sell it, pay all alleged

4    creditors of Ascendant and tender the remaining assets of Ascendant to its shareholders.  *See*

5    **Exhibits C** (at ¶30) and **E** (at Page 5, Lines 2-4, Page 6, Lines 20-21, Page 26, Lines 22-25, Page

6    27, Lines 18-20, and Page 34, Lines 4-5 to the Goodrich Declaration.  Although the threat of such

7    action is not immediately imminent, Ascendant has aggressively pursued a recovery of the

8    certificate for the AKTS Shares.  More importantly, Ascendant has repeatedly stated its desire to

9    recover the certificate for the AKTS Shares so it can be immediately sold and creditors paid from

10   its proceeds.  *Id.*  If Ascendant succeeds and recovers the certificate for the AKTS Share, it will be

11   sold without delay and the proceeds used to pay debts that may not be owed by Ascendant.  The

12   Estate will suffer irreparable harm if an injunction is not issued.

13   　　　**C.**　　**The Balancing Of The Hardships Favors The Plaintiff**

14   　　　In balancing the hardships to the movant compared to the respondent, the court must find

15   that the balance weighs in favor of the moving party.  *See Owner-Operator Ind. Drivers Ass'n v.*

16   *Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004); *see generally Hernandez v. Downey S&L*

17   *Ass'n*, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009); *Rinard*, 451 B.R. at 22.

18   　　　Ascendant plans to sell the AKTS Shares to pay alleged debts of Ascendant, which may

19   not be valid and enforceable debts of Ascendant, and make distributions of the remaining assets to

20   the shareholders of Ascendant.  *See* **Exhibits C** (at ¶30) and **E** (at Page 5, Lines 2-4, Page 6, Lines

21   20-21, Page 26, Lines 22-25, Page 27, Lines 18-20, and Page 34, Lines 4-5 to the Goodrich

22   Declaration.  If this planned action is not enjoined during the pendency of this proceeding, the

23   Estate will be irreparably harmed because most, if not all, of Ascendant's assets will be disbursed

24   before this proceeding is adjudicated.

25   　　　On the other hand, Ascendant will not suffer any harm if it is enjoined from selling the

26   AKTS Shares and/or paying alleged creditors of Ascendant because the stock price of Akoustis

27   Technologies, Inc. has remained relatively stable over the last month and has increased from $3.00

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   per share when it was offered as an initial public offering in March 2016 to $13.00 per share in

2   March 2017 and currently trading at $10.00 per share.  *See* **Exhibit B** to the Goodrich Declaration.

3      The balance of hardships is clearly in favor of issuing a preliminary injunction in favor of

4   the Estate in order to maintain the status quo during the pendency of this proceeding.

5

6

7      **D.      Advancement Of Public Interest Favors The Plaintiff**

8      Generally, unless a court determines that there exists a public interest in either the granting

9   or denial of an injunction, courts do not need to consider this particular factor.  *In re Rinard*, 451

10  B.R. at 30-31.  However, courts have held that the interests of creditors in a bankruptcy estate are

11  the equivalent of the "public interest" factor in determining whether to grant an injunction.  *See In*

12  *re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 861 (6th Cir. Ohio 1992); *In re Nat'l Century Fin.*

13  *Enters.*, 289 B.R. 873, 879 (Bankr. S.D. Ohio 2003).

14     Here, creditors of the Estate hold a public interest that weighs in favor of issuing an

15  injunction.  Without an injunction prohibiting the sale of the AKTS Share and/or payment to

16  creditors and equity holders, the Plaintiff may have nothing left to recover from the Ascendant

17  stock once the proceeding is adjudicated.  In turn, the Estate's creditors will receive no

18  distribution.  The best interest of the creditors of the Estate should be considered in protecting an

19  asset that could produce funds for distribution by the Plaintiff.

20                              **III.**

21                         **CONCLUSION**

22     Based upon the foregoing, the Court should issues a preliminary and permanent injunction

23  prohibiting Ascendant, and any agent, employee, subsidiary, equity holder or other affiliate from

24  taking any action to dispose of any assets of Ascendant, including, but not limited to, the sale of

25  the AKTS Shares, the payment of any debt of Ascendant and the distribution of funds or property

26  of Ascendant to shareholders of Ascendant or any related entity, until this proceeding is

27  adjudicated to finality.

28

1    DATED:  May 23, 2017            **Sulmeyer**Kupetz
                                             A Professional Corporation

By:   */s/David M. Goodrich*
       David M. Goodrich
       Attorneys for Plaintiff
       Howard M. Ehrenberg, Chapter 7 Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL  213.626.2311 • FAX  213.629.4520

## DECLARATION OF HOWARD M. EHRENBERG

I, Howard M. Ehrenberg, declare as follows:

1.      I am an individual over the age of eighteen, and I am the duly appointed, qualified, and acting Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of Mark Elias Crone ("Debtor").

2.      Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents.  If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

3.      I make this declaration in support of the attached *Motion For Preliminary Injunction.*  Capitalized terms not defined in this declaration have the meaning given them in the Motion.

4.      On February 28, 2017, the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.  On the same day, I was appointed as interim Chapter 7 Trustee of the Estate.

5.      Shortly after my appointment, I was contacted by Larry Tofel.   Mr. Tofel represented to me he is counsel for Ascendant and Rinde.

6.      Attached hereto as **Exhibit F** is a list of the debts of Ascendant that was emailed to me by Mr. Tofel.

7.      Based upon my discussions with Mr. Tofel, it is my understanding that CKR Law is currently owned by Rinde.  It is also my understanding the Debtor no longer holds an interest in CKR Law.

8.      In our preliminary discussions, Rinde, through Mr. Tofel, offered to provide proof of the debts listed in **Exhibit F**.   Rinde has not provided any proof of the debts listed in **Exhibit F** other than the list itself.

9.      The Estate has no adequate remedy at law should the AKTS Shares be sold and the alleged debts of AKTS paid.  Should the AKTS Shares be sold and/or the alleged creditors of Ascendant paid from the AKTS Shares sale proceeds, the Estate's interest in Ascendant will be

1    greatly diminished, all to the detriment of creditors of the Estate, because the Estate and/or

2    Ascendant may be unable to recover the money or property distributed by Ascendant.    An

3    injunction is the only remedy available in this instance to prevent Ascendant from selling the

4    AKTS Shares and/or paying alleged debts of Ascendant.

5        I declare under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.

7        Executed on May 22, 2017, at Los Angeles, California.

8

9

10                                                   Howard M. Ehrenberg

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL  213.626.2311 • FAX  213.629.4520

## DECLARATION OF DAVID M. GOODRICH

I, David M. Goodrich, declare as follows:

1.     I am an attorney duly admitted to practice before this Court.  I am a Member with **Sulmeyer**Kupetz, A Professional Corporation, attorneys of record for Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee.  If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.     I make this declaration in support of the *Motion For Preliminary Injunction* to which this declaration is attached.  Capitalized terms not defined in this declaration have the meaning given them in the Motion.

3.     A true and correct copy of the Marital Settlement Agreement and judgment thereon on file with the Connecticut Superior Court is attached hereto as **Exhibit A**.

4.     A true and correct copy of stock quote for Akoustis Technologies, Inc. that I printed in Adobe pdf format directly from the Nasdaq website on May 17, 2017, is attached hereto as **Exhibit B**.

5.     Attached hereto as **Exhibit C** is a true and correct copy of the *Verified Complaint* filed by Rinde in the New York County Clerk on April 4, 2017 that I obtained from the New York Supreme Court's website.

6.     Attached hereto as **Exhibit D** is a true and correct copy of the Nevada Secretary of State Business Entity Information page that I printed in Adobe pdf format directly from the Nevada Secretary of State website.

7.     Attached hereto as **Exhibit E** is a true and correct copy of the *Telephone Conference* [transcript of hearing] for a hearing held on April 19, 2017 at 1:00 p.m. before the Hon. Vernon S. Broderick, Case No. 17 CV 2468 (VSB), that I obtained from Gregory Blue, counsel for Gary Gorham.

8.     Attached hereto as **Exhibit G** is a true and correct copy of the adversary complaint that the Trustee filed on May 17, 2017 against Susan and Ascendant on file in this proceeding.

9.     Attached hereto as **Exhibit H** is a true and correct copy of the *Debtor's Schedule of Assets and Liabilities* filed in the Debtor's bankruptcy case.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL  213.626.2311 • FAX  213.629.4520

10.     I asked Larry Tofel, counsel for Ascendant and Rinde, to provide supporting evidence of the debts alleged to be owed by Ascendant.  Mr. Tofel declined my request and no documents other than a list of purported debts of Ascendant have been provided to the Estate.

11.     Based upon my discussion with counsel for the Debtor, it is my understanding Susan's counsel is holding the share certificate issued for the AKTS Share.

12.     Based upon my discussion with counsel for Susan, it is my understanding Susan does not want the AKTS Share sold.

13.     Susan has removed the complaint filed against her by Rinde and Ascendant to the United States District Court for the Southern District of New York ("District Court").  Based upon my discussions with Mr. Blue, it is my understanding the District Court referred the case to the New York Bankruptcy Court and the New York Bankruptcy Court is expected to determine if the litigation should be referred to this Court or remanded to the New York state court on May 23, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 23, 2017, at Los Angeles, California.

*/s/David M. Goodrich*
David M. Goodrich

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):  MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF HOWARD M. EHRENBERG AND DAVID M. GOODRICH IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  May 23, 2017  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard M. Ehrenberg (TR):  ehrenbergtrustee@sulmeyerlaw.com;
ca25@ecfcbis.com; C123@ecfcbis.com; hehrenberg@ecf.inforuptcy.com
United States Trustee (LA):  ustpregion16.la.ecf@usdoj.gov
David M. Goodrich:  dgoodrich@sulmeyerlaw.com

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  May 23, 2017 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  May 23, 2017 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
The Honorable Barry Russell
United States Bankruptcy Court
Roybal Federal Building
255 East Temple Street, Suite 1582
Los Angeles, CA 90012-3332

**E-MAIL NOTICING FROM MAIN BANKRUPTCY CASE NO. 2:17-bk-12392-BR:**
Stephen F. Biegenzahn:  steve@sfblaw.com
Leslie A. Cohen:  leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; Brian@lesliecohenlaw.com
Cynthia Futter:  cfutter@futterwells.com
Zann R. Welch:  ecfnotices@ascensioncapitalgroup.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| May 23, 2017 | Shirley L. Lee | */s/Shirley Lee* |
| *Date* | *Printed Name* | *Signature* |

<u>**ADDITIONAL SERVICE INFORMATION** (if needed):</u>

**Defendant**:
Susan Crone
17 Old Orchard Road
West Granby, CT  06090-1324

Susan Crone
106 Hollister Way S
Glastonbury, CT  06033-3142

Attorneys for Susan Crone:
James K. Landau, Esq.
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas
New York, NY  10105

Defendant:
Ascendant Global Advisors, Inc.
Attn:  Mark Crone, President, Secretary, Treasurer & Director
2012 Manning Avenue
Westwood, CA  90025

Agent for Service of Process for Ascendant Global Advisors, Inc.:
VCorp Services, LLC
1645 Village Center Circle
Suite 170
Las Vegas, NV  89134

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**