1 | David M. Goodrich (CA Bar No. 208675)
  |   *dgoodrich@sulmeyerlaw.com*
2 | **Sulmeyer**Kupetz
  | A Professional Corporation
3 | 333 South Hope Street, Thirty-Fifth Floor
  | Los Angeles, California  90071-1406
4 | Telephone: 213.626.2311
  | Facsimile: 213.629.4520
5 |
6 | [Proposed] Attorneys for Plaintiff
  | Howard M. Ehrenberg, Chapter 7 Trustee

7 | ### UNITED STATES BANKRUPTCY COURT

8 | ### CENTRAL DISTRICT OF CALIFORNIA

9 | ### LOS ANGELES DIVISION

| | |
|---|---|
| 10 In re | Case No. 2:17-bk-12392-BR |
| 11 MARK ELIAS CRONE, | Chapter 7 |
| 12       Debtor. | Adv. No. 2:17-ap-01276-BR |
| 13 | |
| 14 HOWARD M. EHRENBERG, Chapter 7 Trustee, | **REPLY TO OPPOSITION TO MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION; DECLARATION OF MARK ELIAS CRONE AND SUPPLEMENTAL DECLARATION OF DAVID M. GOODRICH IN SUPPORT** |
| 15       Plaintiff, | |
| 16     vs. | |
| 17 SUSAN I. CRONE, an individual, ASCENDANT GLOBAL ADVISORS, INC., | |
| 18 a Nevada corporation, | Date:     June 27, 2017 |
| 19       Defendants. | Time:    2:00 p.m. |
| 20 | Place:   Courtroom 1668 |
| |           Royal Federal Building |
| |           255 East Temple Street |
| |           Los Angeles, California  90012 |

21
22
23
24
25
26
27
28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

DMG\ 2580844.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# TABLE OF CONTENTS

**Page**

I. SUMMARY ...................................................................................................................1

II. ARGUMENT................................................................................................................4

    A.    The Trustee Does Not Contend the AKTS Shares are Property of the Estate. ..........4

    B.    Rinde Does Not Have the Right to Purchase the Debtor's Shares For $39,500 Under the Shareholder Agreement. ..............................................................4

    C.    Without a Majority Vote In Favor of a Sale of the AKTS Shares, Nevada Law Prohibits the Sale of the AKTS Shares by Ascendant/Rinde And Warrants the Issuance of an Injunction. ....................................................6

    D.    The Issuance of the Two Prior Temporary Injunctions Is Not Fatal nor Germane to the Trustee's Motion. .........................................................7

    E.    No Waiver of Material Rights Occurred. .................................................8

    F.    The Court May Fashion an Injunction that Minimizes Any Potential Harm to the Parties and Mr. Rinde. ..............................................................8

    G.    An Evidentiary Hearing is not Necessary Because Trial Will Suffice. ...................9

III. CONCLUSION .........................................................................................................9

DECLARATION OF MARK ELIAS CRONE .................................................................11

SUPPLEMENTAL DECLARATION OF DAVID M. GOODRICH...................................13

# TABLE OF AUTHORITIES

**Page**

## CASES

*City of Ukiah v. Fones*,
    64 Cal.2d 104 [48 Cal.Rptr. 865, 410 P.2d 369] (1966) ........................................ 8

*Florence Western Medical Clinic v. Bonta*,
    77 Cal.App.4th 493 [91 Cal.Rptr.2d 609] (2000) ........................................ 8

*Roesch v. De Mota*,
    24 Cal.2d 563 [150 P.2d 422] (1944)........................................ 8

## STATUTES

11 U.S.C. §105 ........................................ 8

## OTHER AUTHORITIES

2-105 Collier on Bankruptcy P 105.03
    (16th 2017) ........................................ 8

## RULES

FRBP 7065 ........................................ 8

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, DEFENDANTS SUSAN CRONE AND ASCENDANT GLOBAL ADVISORS, INC., FKA CKR GLOBAL ADVISORS, INC., AND ALL OTHER PARTIES-IN-INTEREST:**

Plaintiff Howard M. Ehrenberg ("Plaintiff"), in his capacity as the duly appointed and acting chapter 7 trustee of the bankruptcy estate ("Estate") of Mark Elias Crone ("Debtor") replies to the opposition of Global Advisors, Inc., formerly known as CKR Global Advisors, Inc. ("Ascendant"), to the Plaintiff's motion for a preliminary injunction prohibiting Ascendant and any agent, employee, subsidiary, equity holder or other affiliate of Ascendant from taking any action to dispose of assets of Ascendant, including, but not limited to: (1) the sale of any of the 100,000 shares of Akoustis Technologies, Inc. ("AKTS Shares") owned by Ascendant, (2) the payment of any debts of Ascendant from any proceeds of the AKTS Shares, should they be sold, (3) the distribution of funds or property of Ascendant to shareholders of Ascendant or any related entity, creditor or other interest holder, during the pendency of this proceeding.

## I.

## SUMMARY

Ascendant claims the Trustee's position is that AKTS Shares are property of the Estate and that the Trustee claims to have a right to the AKTS Shares. *See* Opposition at Page 11, Lines 2-5; Page 14, Lines 19, 20; Page 17, Line 24.   This is untrue.  At no point does the Trustee argue the AKTS Shares are property of the Estate or that the Estate is entitled to the AKTS Shares.  *See* Motion, generally.  Ascendant has misconstrued the Trustee's arguments in an effort to convince the Court that the Trustee is overreaching and attempting to collaterally attack orders of two New York courts.  Ascendant's faulty argument should be disregarded as irrelevant.

Ascendant argues Rinde may purchase the Debtor's shares in Ascendant by tendering $39,500 to the Debtor.  This is also untrue and a mischaracterization of Rinde's rights.[1]  First, it is noteworthy the Trustee was provided a copy of the shareholder agreement for Ascendant the day

---

[1] It is curious, and perhaps a conflict of interest, that Ascendant and its counsel are arguing for the rights of one of its stockholders to the detriment of Ascendant's other stockholder.  Ascendant should not be advocating for one shareholder in a dispute between two shareholders.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    before Rinde filed his opposition.  *See* Supplemental Declaration of David M. Goodrich

2    ("Goodrich Decl.").   And that copy was provided by the Debtor, not Rinde, even though the

3    Trustee requested Rinde provide a copy of the shareholder agreement once the Trustee was

4    advised of this potential right.   Substantively, Rinde failed to timely exercise any right he may

5    have had to purchase the Debtor's interest in Ascendant by failing to timely exercise his option

6    after receiving notice of the transfer.   *See* Section 7.3 of the Shareholder Agreement.   Even if

7    Rinde timely exercised his purchase right, the price to be paid is not retroactive to the date of the

8    purported transfer of shares in Ascendant to Mrs. Crone and is not set by the "net value" approach.

9    *See* Section 8.2 of the Shareholder Agreement.    If the price is set by the "net value" approach,

10   then the value of the AKTS Shares must be the value which existed at or shortly after Rinde first

11   acquired a right to purchase the Debtor's interest in Ascendant.   Based upon the price of the AKTS

12   Shares in March 2017 (which is the earliest time Rinde could have acquired the purchase option),

13   the net value of the Debtor's interest in Ascendant would be more than $500,000, not $39,500.

14       Ascendant advances a number of challenges to the Trustee's Motion, but none address the

15   primary issue: Ascendant cannot sell all of its assets without approval by the majority of

16   shareholders of Ascendant under Nevada law.  *See* Nevada Revised Statutes, § 78.590.  Yet Rinde

17   clearly intends to sell the AKTS Shares even though he has no proof that either of the Crones

18   approved the planned sale.   A planned sale in clear violation of shareholder rights, with payment

19   to be made on debts that are possibly bogus, warrants the issuance of an injunction to prevent a

20   potentially irreversible diminution of equity in Ascendant.  The Trustee has made this showing.

21       Ascendant spends an inordinate amount of time attacking the Trustee and his counsel for

22   purportedly failing to detail the two proceedings pending in New York which led to the issuance

23   of two preliminary injunctions – both of which are provisional remedies and did not result in

24   finality of any core issue in either proceeding.   First, each preliminary injunction was issued on a

25   temporary basis and in order to maintain the status quo during each case.   No actual substantive

26   findings which bind the Trustee or this Court in connection with the Estate's rights have been

27   made in either action.  *See* Exhibits 1 and 2 to Ascendant's Request for Judicial Notice, and *see*

28

**Exhibit A** to the Supplemental Declaration of David M. Goodrich.[2]  More importantly, many of the legal and factual issues pending in the two New York proceedings are not germane to this Motion.  For example, Ascendant complains the Trustee seeks relief that undermines or eviscerates the injunctions issued in New York.  *See* Opposition at Page 8, Lines 2-9.  The New York injunctions, however, prevent the sale of the AKTS Shares by the Debtor, Susan and Susan's counsel, but not Ascendant and any of its agents or principals.  *See* Exhibits 1 and 2 to Ascendant's Request for Judicial Notice, and *see* **Exhibit A** to the Supplement Declaration of David M. Goodrich.  If this Court issues an injunction preventing Ascendant and its agents from selling the AKTS Shares, that relief does not disturb the provisional relief issued in either New York action.[3]

Further, Ascendant claims the Trustee is bound by the Debtor's waiver of a right to assert control over Ascendant because he has failed to allege and/or prove this right.  *See* Opposition at Page 18, Lines 3-6.  But the New York proceeding against the Debtor has not resulted in any dispositive ruling on the issue of control over Ascendant.  Further, there is no evidence of waiver.  A waiver could not and did not occur.

Notwithstanding the forgoing, the Trustee is amenable to a sale of the AKTS Shares so long as only the legitimate debt of Ascendant is paid.  In order to minimize the injury, if any, to Ascendant and Rinde, the Court can fashion an injunction that requires Ascendant provide proof of the alleged debt to the Trustee with a deadline for the Trustee to consent to the sale of the AKTS Shares and payment of the debt of Ascendant or, should the Trustee challenge any particular debt, set an evidentiary hearing to determine the validity of any debt challenged by the

---

[2] In fact, the Court could dissolve one of the two injunctions because the case was transferred to this Court.

[3] Ascendant also complains that counsel for Ascendant advised the Trustee and his counsel that the Debtor fraudulently removed Rinde as a director and officer of Ascendant.  *See* Opposition at Page 1, footnote 1.  This information, however, does not need to be received and revered by the Trustee as if it were the Gospel.  Instead, the Trustee has presented the Court with evidence that Ascendant's corporate records with the State of Nevada show the Debtor as the sole director and officer.  Mr. Rinde is free to rebut the Trustee's argument and evidence with his own argument and evidence.  It would, however, be foolhardy for the Trustee to forego valuable rights of the Estate based upon mere allegations of fact which have yet to be determined in any lawsuit.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Trustee.  Under either option, the injunction need only remain in place long enough for the Trustee

2  or the Court to be satisfied with the legitimacy of the purported debts of Ascendant.

## II.

## ARGUMENT

### A.    The Trustee Does Not Contend the AKTS Shares are Property of the Estate.

Ascendant claims the Trustee is attempting to have the AKTS Shares declared property of

the Estate.  As can be gleaned from the Motion, this is erroneous.  Instead, the Trustee seeks relief

in connection with the Ascendant shares of the Debtor and the rights concomitant with an equity

stake in Ascendant.   Any argument of Ascendant to the contrary is superfluous and irrelevant.

### B.    Rinde Does Not Have the Right to Purchase the Debtor's Shares For $39,500 Under the Shareholder Agreement.

Ascendant asserts Rinde has a right to purchase the Debtor's and/or Mrs. Crone's interest in

Ascendant.  The shareholder agreement for Ascendant does set forth certain rights for Ascendant

and a non-transferring shareholder should any interest in Ascendant of a shareholder "pass" to the

shareholder's spouse as part of marital dissolution or separation. *See* Article 7.  The first purchase

option belongs to the Debtor and must be exercised within 30 days of the agreement or judgment

which will transfer the shareholder's interest. *See* §7.1.[4]  It appears this option was not exercised.

*See* Opposition at Section II (3).  The second purchase option belongs to Ascendant and must be

exercised within 15 days of the lapse of the first purchase option and after notice. *See* §7.2.  It

appears this option was not exercised. *See* Opposition at Section II (3).  The third purchase option

belongs to Rinde and must be exercised within 15 days of the lapse of the second purchase and

notice. *See* §7.3.  It appears this option was not exercised. *See* Opposition at Page 5, Lines 22-24.

Collectively, Sections 7.1, 7.2 and 7.3 provide 60 days from the date of the transfer to Mrs. Crone

for Rinde to provide notice of his exercise of his purchase option should the Debtor and Ascendant

not exercise their options.

---

[4] This section appears to have been erroneously labeled "Option to Corporation."

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Based upon the contentions in Rinde's complaint against Mrs. Crone and her counsel, it is

2    evident Ascendant and Rinde learned of the purported transfer of the Debtor's interest in

3    Ascendant to Mrs. Crone no later than April 4, 2017 (the date the complaint was filed).  Sixty days

4    from April 4, 2017 is June 3, 2017.  Rinde has provided no evidence that he provided written

5    notice of his right to exercise his right to purchase the Debtor's interest in Ascendant as expressly

6    required under § 7.3 of the Shareholder Agreement.  Nor can Rinde claim that the period of time

7    to exercises his option did not commence because he did not receive formal written notice of the

8    Debtors' failure to exercise his option to purchase under § 7.1 of the Shareholder Agreement

9    because the terms and conditions of Rinde's option to purchase under § 7.3 of the Shareholder

10   Agreement expressly state that such option "shall not be conditioned upon delivery of such

11   notice."  Consequently, to the extent Rinde had an option to purchase the Debtor's interest under

12   Article 7, Rinde failed to exercise his option withint the option period and such right terminated.

13   As a result, Rinde's right to purchase the Debtor's interest in Ascendant has lapsed.

14   Rinde also seeks to arbitrarily and artificially set the Debtor's interest in Ascendant at the

15   "net value" of Ascendant at the time of the transfer.  Section 8.2 of the Shareholder Agreement

16   sets the purchase price for a sale under Section 7.  Section 8.2 refers to Exhibit A to the

17   Shareholder Agreement as the price to be paid. See §8.2.  Exhibit A, however, is blank.

18   Consequently, the Shareholder Agreement is silent, or at least incomplete, on the price to be paid

19   upon a transfer to be made under Article 7.

20   Rinde argues that the price to be paid is the "net value" of Ascendant as of November 2016

21   without providing any authority for a "net value" purchase price.  There are many flaws in this

22   argument; by way of illustration and not of limitation, this argument ignores §§7.1 and 7.2 of the

23   Shareholder Agreement, pursuant to which Rinde does not even have a right to purchase the

24   Debtor's interest until at least 45 days after he received notice of the transfer.  Based upon the

25   allegations in his lawsuits against the Debtor and Mrs. Crone as well as Rinde's declaration in

26   support of the Opposition, Rinde must have learned of the transfer sometime after January 2017,

27   but no later than April 4, 2017. *See* ¶¶ 11 and 13 of Rinde's Declaration.  Based upon §§ 7.1 and

28   7.2 of the Shareholder Agreement, the earliest Rinde would be permitted to exercise his purchase

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  option would be in the middle of March 2017.  The price per share of Akoustis Technology stock

2  during the middle of March 2017 was as high as $13.00/share and as low as $12.84/share.  *See*

3  **Exhibit B** to the Goodrich Decl.  Based upon the price of the AKTS Shares at that time, the value

4  of the Debtor's interest in Ascendant was at least $525,500 using Rinde's "net value" approach.

5  Concededly, the value of the Debtor's interest in Ascendant will drop if the purchase window is

6  April or May 2017 based upon the value of the AKTS Shares, but the price under the "net value"

7  approach is far in excess of $39,500.

8      Further complicating Rinde's "net value" approach is the question of the validity of

9  Ascendant's debt.  The Debtor resigned from Ascendant in April 2016.  At that time, Ascendant

10  had no debt.  *See* Declaration of Mark Elias Crone ("Crone Decl.").  Nevertheless, Rinde claims

11  Ascendant incurred debt that remains due "[f]rom April 29, 2014 through March 6, 2017."  *See*

12  Rinde's Declaration at ¶ 5.  If the "net value" approach is to be used to determine the value of the

13  Debtor's shares, the validity of Ascendant's debt needs to be determined.  Given the significant

14  inconsistencies between the testimony of the Debtor and Rinde, the Trustee is not amenable to

15  accepting Rinde's representations that debt is due.  Proof is required.

16  **C.    Without a Majority Vote In Favor of a Sale of the AKTS Shares, Nevada Law**

17  **Prohibits the Sale of the AKTS Shares by Ascendant/Rinde And Warrants the**

18  **Issuance of an Injunction.**

19      Ascendant and the Trustee appear to agree that a sale of the AKTS Shares requires a

20  majority vote of the shareholders of Ascendant.  *See* Motion at Page 7, Lines 1–18, and

21  Opposition at Page 16, Lines 3-5.  Currently, neither have the requisite votes to sell the AKTS

22  Shares.  But Rinde plans to sell the AKTS Shares and pay alleged debt of Ascendant.  A planned

23  sale in clear violation of shareholder rights warrants the issuance of an injunction. And if

24  payments are made to bogus creditors of Ascendant from the sale of the AKTS Shares, the Trustee

25  will likely be unable to recover payment from those bogus creditors and the Estate's stake in

26  Ascendant with will be diminished and the shortage in payment of equity to the Estate will be

27  irretrievably lost.  In order to prevent Ascendant from selling the AKTS Shares and to prevent the

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  payment of potentially invalid debt[5], an injunction should issue.  To allow Ascendant, through its

2  principal, to take unilateral action at this juncture would be imprudent and detrimental to the rights

3  of the Estate and its creditors.

4         D.      **The Issuance of the Two Prior Temporary Injunctions Is Not Fatal nor**

5                 **Germane to the Trustee's Motion.**

6         Ascendant trumpets its consternation over the Trustee's lack of candor regarding the

7  issuance of two prior injunctions in an attempt to paint the Trustee as proceeding under in bad

8  faith.  It appears Ascendant is convinced the two injunctions have disposed of all issues pending in

9  this proceeding and the Trustee is helplessly bound by those rulings.  But Ascendant's position is

10  not sustainable because it's inconsistent with the temporary relief afforded.  Collectively, the two

11  injunctions temporarily enjoined the Debtor, Mrs. Crone, and Mrs. Crone's counsel from disposing

12  of the AKTS Shares.  The injunction against the Debtor was issued in connection with the New

13  York court's decision to enforce an arbitration provision and send the complaint filed by Rinde,

14  Ascendant, CKR Law and Vertex Advisors against the Debtor to arbitration.  *See* Exhibit 1 to

15  Ascendant's Request for Judicial Notice.  The injunction was intended to maintain the status quo

16  for purposes of a determination of rights in mediation, nothing more.  *Id.*  The injunction issued in

17  the second action was obtained through an Order to Show Cause which was issued on April 12,

18  2017 (8 days after Ascendant and Rinde filed their lawsuit against Mrs. Crone and her counsel).

19  *See* **Exhibit C** to the Goodrich Decl.  Clearly nothing of substance could have been determined in

20  the second action during the span of 8 days.

21         Despite Ascendant's arguments to the contrary, neither injunction determined the acts of

22  the Debtor were *ultra vires* or that the Debtor is even a "thief."   In fact, there is no evidence either

23  New York court found the Debtor absconded with the AKTS Shares.  Instead, the status quo was

24  maintained through a preliminary injunction.

25

26  ───────────────

27  [5] The Trustee reserves all rights to seek relief against Mr. Rinde should Mr. Rinde take action that
is a breach of his fiduciary duty to shareholders of Ascendant or is in breach of the Shareholder

28  Agreement.

1    Additionally, neither injunction is relevant to the Trustee's Motion.  The Trustee does not

2    seek to enjoin the Debtor, Mrs. Crone and her counsel.  The Trustee seeks an injunction against

3    Ascendant and, in his capacity as an agent of Ascendant, Rinde.  If issued, the two New York

4    injunctions and this Court's injunction can coexist in harmony with each other.  Should a party to

5    this proceeding intend to sell the AKTS Shares, then an injunction (perhaps two or all three), will

6    need to be dissolved.  By issuing an injunction, the Court will level the playing field and

7    effectively prevent Ascendant and Rinde, the only remaining interested parties, from unilaterally

8    disposing of the AKTS Shares and paying potentially dubious debts.

9        **E.        No Waiver of Material Rights Occurred.**

10    "Waiver is the intentional relinquishment of a known right after knowledge of the facts."

11    *Roesch v. De Mota*, 24 Cal.2d 563, 572 [150 P.2d 422] (1944).  The burden of proof at trial is on

12    the party claiming a waiver of a right to prove it by clear and convincing evidence."  *City of Ukiah*

13    *v. Fones*, 64 Cal.2d 104, 107–108 [48 Cal.Rptr. 865, 410 P.2d 369] (1966); *Florence Western*

14    *Medical Clinic v. Bonta*, 77 Cal.App.4th 493, 504 [91 Cal.Rptr.2d 609] (2000).

15    Ascendant claims that the Debtor failed to assert and "prove" that he has authority to act on

16    behalf of Ascendant and that failure resulted in a waiver.  Similar to Ascendant's faulty argument

17    relating to the effect of the New York court injunctions, Ascendant believes that the issuance of

18    the two preliminary injunctions resulted in finality on all issues.  The lawsuit pending against the

19    Debtor, however, has been stayed with no dispositive ruling on the merits rendered.  *See* **Exhibit**

20    **D** to the Goodrich Decl.  Even if the Debtor has yet to claim a right to control Ascendant (which

21    right now belongs to the Trustee and has been asserted), there is not proof that the Debtor

22    intentionally relinquished a known right after knowledge of the facts.  The clear and convincing

23    standard requires more than supposition.

24        **F.        The Court May Fashion an Injunction that Minimizes Any Potential Harm to**

25            **the Parties and Mr. Rinde.**

26    The Court has broad powers to fashion an injunction to minimize the harm to a creditor.

27    *See* §105 and FRBP 7065; and *see* 2-105 Collier on Bankruptcy P 105.03 (16th 2017).

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Here, the Court can fashion an injunction that requires Ascendant provide proof of the

2    alleged debt to the Trustee with a deadline for the Trustee to consent to the sale of the AKTS

3    Shares and payment of the debt of Ascendant or, should the Trustee challenge any particular debt,

4    set an evidentiary hearing to determine the validity of any debt challenged by the Trustee.  Under

5    either option, the injunction need only remain in place long enough until the Trustee or the Court

6    is satisfied with the legitimacy of the purported debts of Ascendant.  By fashioning an injunction

7    that protects the Estate's equity interest in Ascendant and discourages delay by setting deadlines

8    and procedures, any harm to Ascendant will be reduced.

9         **G.**     **An Evidentiary Hearing is not Necessary Because Trial Will Suffice.**

10    Ascendant requests an evidentiary hearing.  While the Trustee is not generally opposed to

11    an evidentiary hearing in relation to the Motion, the Trustee believes the process proposed in the

12    previous section obviates the need for an evidentiary hearing unless there is a dispute over the

13    validity of any of Ascendant's debts or, should the Court agree the Rinde still holds the right to

14    purchase the Debtor's interest in Ascendant, the value of the Debtor's shares needs to be developed

15    through appraisals and a forensic examination of Ascendant's financial records.

16                             **III.**

17                   **CONCLUSION**

18    Based upon the foregoing, the Court should issues a preliminary and permanent injunction

19    prohibiting Ascendant, and any agent, employee, subsidiary, equity holder or other affiliate from

20    taking any action to dispose of any assets of Ascendant, including, but not limited to, the sale of

21    the AKTS Shares, the payment of any debt of Ascendant and the distribution of funds or property

22    of Ascendant to shareholders of Ascendant or any related entity, until this proceeding is

23    adjudicated to finality.

24

25

26

27

28

1  DATED:  June 20, 2017

2

3

4                                         By:   /s/David M. Goodrich

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz
A Professional Corporation


By:   /s/David M. Goodrich
        David M. Goodrich
        Attorneys for Plaintiff
        Howard M. Ehrenberg, Chapter 7 Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

## DECLARATION OF MARK ELIAS CRONE

2      I, Mark Elias Crone, declare as follows:

3      1.      I am an individual over the age of eighteen and I am the debtor in bankruptcy case

4 number 2:17-bk-12392-BR.

5      2.      Except as otherwise indicated, all statements made herein are based on my personal

6 knowledge or my review of relevant documents.  If called to testify as a witness in this matter, I

7 could and would competently testify under oath to the truth of the statements set forth herein.

8      3.      I am a founding shareholder of the entity ("Entity") currently known as Ascendant

9 Global Advisors, Inc.("Ascendant").  The Entity, originally called Sands of Time, Inc., was

10 formed by me and an unrelated third-party in 2010.  Subsequently, the name of the Entity was

11 changed to Flourz GF Bakery Simsbury CT, Inc., and then to CKR Global Advisors, Inc. in 2014,

12 and finally to Ascendant Global Advisors, Inc. in 2015.  At all times, I have been an officer,

13 shareholder and director of the Entity.  Since at least May 2015, I have been an officer, 50%

14 shareholder and 1 of only 2 directors of the Entity.

15      4.      In or about 2014, Jeff Rinde ("Rinde") and I agreed that I would change the name

16 of the Entity to CKR Global Advisors, Inc. so that it could function as a consulting business that

17 would be a sister entity to our law firm, CKR Law.   At Rinde's request in 2015, the name of the

18 Entity was changed to Ascendant Global Advisors, Inc.

19      5.      While the goal was for the Entity to operate as an active business, it never became

20 operational.

21      6.      I remain an officer, a 50% shareholder, and 1 of 2 board members of Ascendant.

22 Although decisions for Ascendant are allegedly being made, they are being made without

23 shareholder or board member approval and are therefore invalid.   Under the Entity's bylaws, any

24 material decisions (including decisions to retain counsel, dissolve the Entity, or incur debt) would

25 have be approved by the board or shareholders and cannot be made unilaterally by Rinde.

26      7.      Prior to my departure from CKR Law in 2016, Ascendant had no employees, and

27 since that time, I am not aware of it hiring any employees.  Similarly, Ascendant had not entered

28 into any lease agreements for the lease of office or storage space, nor was any board member or

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    shareholder approval obtained for any such leases.    Ascendant also owed no money to creditors.

2    To my knowledge, Ascendant never had a bank account until a single account was opened in

3    2016, which held minimal funds.  Ascendant did sign contracts with purported "consultants," but

4    they were to be paid only if they generated revenue.    To my knowledge, none of these

5    "consultants" generated any revenue for Ascendant.

6        8.        It was surprising to me to learn Ascendant claims to owe more than $230,000 to

7    creditors given the purpose of Ascendant and the lack of any business-related expenses of

8    Ascendant..

9        I declare under penalty of perjury under the laws of the United States of America that the

10   foregoing is true and correct.

11   Executed on June __, 2017, at Santa Monica, California.

12

13

14                                         Mark Elias Crone

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

DMG\ 2580844.1

## SUPPLEMENTAL DECLARATION OF DAVID M. GOODRICH

I, David M. Goodrich, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a Member with **Sulmeyer**Kupetz, A Professional Corporation, attorneys of record for Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee.  If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.      A true and correct copy of the Order to Show Cause that I downloaded and printed in Adobe pdf format directly from the District Court for the Southern District of New York is attached hereto as **Exhibit A**.

3.      A true and correct copy of stock quote for Akoustis Technologies, Inc. that I printed in Adobe pdf format directly from the Nasdaq website on June 20, 2017, is attached hereto as **Exhibit B**.

4.      Attached hereto as **Exhibit C** is a true and correct copy of the court online docket from the District Court for the Southern District of New York's website for the action styled *Rinde et al v. Crone*.

5.      Attached hereto as **Exhibit D** is a true and correct copy of the court online docket from the New York Supreme Court's website for the action styled *Rinde et al v. Crone*.

6.      On June 12, 2017, I was advised of a shareholder agreement for Ascendant by Larry Tofel, counsel for Ascendant.  Even though I asked Mr. Tofel to produce a copy, he refused. To determine the rights of Mr. Rinde under the shareholder agreement, I asked the Debtor to produce a copy – which he did.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 20, 2017, at Los Angeles, California.


*/s/David M. Goodrich*
David M. Goodrich

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT A

UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JEFFREY A. RINDE AND CKR GLOBAL
ADVISORS, INC.

                                    Plaintiffs,                    Index No: 1:17-cv-02468 (VSB)

                    -against-

                                                                   **ORDER TO SHOW CAUSE**

SUSAN CRONE, GARY GORHAM and
LEONIDAS P. FLANGAS,

                                    Defendants.
----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/2017

        Upon reading and filing of the affirmation of Lawrence E. Tofel, sworn to on the

12th day of April, 2017, with the exhibits annexed thereto, the April 5 Notice of Removal (and

exhibits) and all prior proceedings had in this action and the Prior Action as referred to herein,

and good and sufficient cause appearing therefrom, it is hereby:

        **ORDERED**, that defendants SUSAN CRONE, GARY GORHAM AND

LEONIDAS P. FLANGAS show cause before this Court, Room 518 of the courthouse located at

40 Centre Street, New York, New York, on May 4, 2017 at 3:00 PM o'clock in the forenoon,

or as soon thereafter as counsel can be heard, why an Order or Orders should not be entered

herein as follows:

        (a)  remanding this case to the Supreme Court of the State of New York, County of

             New York (the "State Court");

        (b)  granting plaintiff CKR Global Advisors, Inc. ("Global Advisors") an injunction

             i.   compelling and affirmatively directing said defendants Susan Crone,

                  Gary Gorham and Leonidas P. Flangas, and all employees, servants,

                  agents, attorneys, affiliates, partners, and all other persons acting on

{00040747.}

behalf of or in concert with any of said defendants (collectively referred to herein as the "Defendants"), to forthwith deliver to Global Advisors, by delivery to its undersigned counsel, the original Certificate No. 1091 (the "Certificate") and any of the shares of stock of Akoustis, Inc. represented by such Certificate (as well as any proceeds derived therefrom) and, pending the entry of judgment in this action, preventing and enjoining Defendants from any action or omission which interferes with (or has the effect of interfering with) Global Advisors' exclusive ownership and use of such Certificate and the shares of stock represented thereby (as well as any proceeds derived therefrom); and

ii.    with the exception of delivery of such Certificate, any shares of Akoustis, Inc. stock as well as any proceeds derived therefrom to Global Advisors as aforesaid, enjoining, preventing and precluding Defendants, or any of them, from disposing of or taking any action or engaging in any conduct or transaction involving, concerning, relating to or with respect to the Certificate or any of the shares of stock of Akoustis, Inc. represented by such Certificate, including, but not limited to using, transferring, encumbering, pledging, assigning, conveying, hypothecating or liquidating said Certificate, the shares of Akoustis, Inc. stock represented thereby, as well as any proceeds derived therefrom and/or any interest therein or in any of the foregoing; and

{00040747.}

(c)    granting plaintiffs such other and further relief that this Court may deem just and proper; and

**IT IS FURTHER ORDERED,** that no bond or Undertaking is required in support of or as a condition of such injunction in light of Global Advisors' ownership of the Certificate and shares of stock represented thereby; and

**IT IS FURTHER ORDERED** that sufficient cause having been shown therefor, pending (i) the hearing and determination of Global Advisors' application for remand and (ii) further proceedings in the State Court by Global Advisors for a preliminary injunction, pursuant to New York's CPLR §§ 6301 and 6313, each defendant and all employees, servants, agents, attorneys, affiliates, partners, and all other persons acting on behalf of or in concert with any of said defendants (including their respective or collective counsel), is hereby temporarily restrained and enjoined from disposing of or taking any action or engaging in any conduct or transaction involving, concerning, relating to or with respect to the Certificate, any of the shares of stock of Akoustis, Inc. represented by such Certificate as well as any proceeds derived therefrom, including, but not limited to using, transferring, encumbering, pledging, assigning, conveying, hypothecating or liquidating said Certificate, the shares of Akoustis, Inc. stock represented thereby, any proceeds derived therefrom and/or any interest therein or in any of the foregoing; and

**IT IS FURTHER ORDERED** that sufficient cause having been shown, let service of a copy of this Order, together with the papers upon which it was granted, be made upon Defendants by overnight mail upon each such defendant (or their counsel) on or before April 13 , 2017, be deemed good and sufficient service thereof; and

{00040747.}

**IT IS FURTHER ORDERED** that answering papers, if any, for hearing on the

application for remand and a preliminary injunction shall be served upon the attorneys for

plaintiff Global Advisors by delivering copies thereof via email and overnight mail to its

office and address as follows:  Lawrence E. Tofel, Esq., LAWRENCE E. TOFEL, P.C.,

163 Washington Ave., Suite 5B, Brooklyn, NY  11205, letofel@tofellaw.com, on or

before _5:00 PM_ o'clock on _April 24_, 2017; and

**IT IS FURTHER ORDERED** that plaintiff Global Advisors shall serve its reply

papers upon the Defendants by ECF or overnight or email to them or their counsel, on or

before _May 1_, 2017.

ENTER:  April 12, 2017

Hon. ~~Vincent~~ S. Broderick, USDJ

{00040747.}

# EXHIBIT B

**Akoustis Technologies, Inc. (AKTS)** 8.46 -0.05 (-0.59%)
As of 3:25PM EDT. NasdaqCM Real Time Price. Market open.

+ Add Indicator + Compare | | Area ⌄ Settings | Reset

**My Portfolio & Markets** Customize

**Recently Viewed >**

| Symbol | Last Price | Change | % Change |
|---|---|---|---|
| AKTS<br>Akoustis Technologies, Inc. | 8.46 | -0.05 | -0.59% |

**My Watchlist**

Sign-in to view your list and add symbols.

Sign In

**Trending Tickers >**

# EXHIBIT C

6/19/2017                                    SDNY CM/ECF Version 6.1.1

CLOSED,BKREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:17-cv-02468-VSB

Rinde et al v. Crone et al                          Date Filed: 04/05/2017
Assigned to: Judge Vernon S. Broderick            Date Terminated: 04/24/2017
Cause: 28:1452 R&R re motions to remand (non-core)   Jury Demand: None
                                                    Nature of Suit: 370 Other Fraud
                                                    Jurisdiction: Federal Question

**Plaintiff**

**Jeffrey A. Rinde**                  represented by   **Lawrence E Tofel**
                                                        Tofel Troup & Partners, LLP
                                                        730 Third Avenue , 25th Flr.
                                                        New York, NY 10022
                                                        212-752-0007
                                                        Fax: 212-752-8881
                                                        Email: letofel@tofellaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CKR Global Advisors, Inc.**         represented by   **Lawrence E Tofel**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Susan Crone**                       represented by   **James Kenneth Landau**
                                                        Ellenoff Grossman & Schole, LLP
                                                        1345 Avenue of the Americas, 11th Floor
                                                        New York, NY 10105
                                                        212-370-1300
                                                        Fax: 212-895-7210
                                                        Email: jlandau@egsllp.com
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Gary Gorham**                       represented by   **Gregory A. Blue**
                                                        Riker Danzig Scherer Hyland Perretti,
                                                        LLP(NYC)
                                                        500 Fifth Avenue, Ste. 4920
                                                        New York, NY 10110
                                                        212-302-6574
                                                        Fax: 212-302-6628
                                                        Email: gblue@riker.com
                                                        *ATTORNEY TO BE NOTICED*

6/19/2017                                    SDNY CM/ECF Version 6.1.1

**Defendant**

**Leonidas P. Flangas**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2017 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 153148/2017. (Filing Fee $ 400.00, Receipt Number 0208-13509948).Document filed by Gary Gorham. (Attachments: # 1 Summons, # 2 Complaint, # 3 Complaint Exh A, # 4 Complaint Exh B, # 5 Complaint Exh C, # 6 Complaint Exh D, # 7 Complaint Exh E, # 8 Complaint Exh F, # 9 Order to Show Cause, # 10 Affirmation, # 11 Affirmation Exh A, # 12 Affirmation Exh B, # 13 Affirmation Exh C, # 14 Affirmation Exh D, # 15 Affirmation Exh E, # 16 Affirmation Exh F, # 17 Affirmation Exh G, # 18 Affirmation Exh H, # 19 Affirmation Exh I, # 20 Request for Judicial Intervention, # 21 State Court Docket)(Blue, Gregory) (Entered: 04/05/2017) |
| 04/05/2017 | 2 | CIVIL COVER SHEET filed. (Blue, Gregory) (Entered: 04/05/2017) |
| 04/06/2017 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Gregory A. Blue. The following case opening statistical information was erroneously selected/entered: Cause of Action code 28:133; County code New York. The following correction(s) have been made to your case entry: the Cause of Action code has been modified to 28:1452 R&R re motions to remand (non-core); the County code has been modified to XX Out of State. (kl)** (Entered: 04/06/2017) |
| 04/06/2017 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Gregory A. Blue. The party information for the following party/parties has been modified: Leonides P. Flangas, Jeffrey Rinde. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error. (kl)** (Entered: 04/06/2017) |
| 04/06/2017 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Vernon S. Broderick. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (kl) (Entered: 04/06/2017) |
| 04/06/2017 | | Magistrate Judge Kevin Nathaniel Fox is so designated. (kl) (Entered: 04/06/2017) |
| 04/06/2017 | | Case Designated ECF. (kl) (Entered: 04/06/2017) |
| 04/06/2017 | 3 | NOTICE OF APPEARANCE by James Kenneth Landau on behalf of Susan Crone. (Landau, James) (Entered: 04/06/2017) |
| 04/12/2017 | 4 | ORDER TO SHOW CAUSE: It is hereby: ORDERED, that defendants SUSAN CRONE, GARY GORHAM AND LEONIDAS P. FLANGAS show cause before this Court, Room 518 of the courthouse located at 40 Centre Street, New York, New York, on May 4, 2017 at 3:00 PM or as soon thereafter as counsel can be heard, why an Order or Orders should not be entered herein as follows: (a) remanding this case to the Supreme Court of the State of New York, County of New York (the "State Court"); (b) granting plaintiff CKR Global Advisors, Inc. ("Global Advisors") an injunction 1. compelling and affirmatively directing said defendants Susan Crone, Gary Gorham and Leonidas P. Flangas, and all employees, servants, agents, attorneys, affiliates, partners, and all other persons acting on behalf of or in concert with any of said defendants (collectively referred to herein as the "Defendants"), |

to forthwith deliver to Global Advisors, by delivery to its undersigned counsel, the original Certificate No. 1091 (the "Certificate") and any of the shares of stock of Akoustis, Inc. represented by such Certificate (as well as any proceeds derived therefrom) and, pending the entry of judgment in this action, preventing and enjoining Defendants from any action or omission which interferes with (or has the effect of interfering with) Global Advisors' exclusive ownership and use of such Certificate and the shares of stock represented thereby (as well as any proceeds derived therefrom); and 11. with the exception of delivery of such Certificate, any shares of Akoustis, Inc. stock as well as any proceeds derived therefrom to Global Advisors as aforesaid, enjoining, preventing and precluding Defendants, or any of them, from disposing of or taking any action or engaging in any conduct or transaction involving, concerning, relating to or with respect to the Certificate or any of the shares of stock of Akoustis, Inc. represented by such Certificate, including, but not limited to using, transferring, encumbering, pledging, assigning, conveying, hypothecating or liquidating said Certificate, the shares of Akoustis, Inc. stock represented thereby, as well as any proceeds derived therefrom and/or any interest therein or in any of the foregoing; and (c) granting plaintiffs such other and further relief that this Court may deem just and proper; and IT IS FURTHER ORDERED, that no bond or Undertaking is required in support of or as a condition of such injunction in light of Global Advisors' ownership of the Certificate and shares of stock represented thereby; and IT IS FURTHER ORDERED that sufficient cause having been shown therefor, pending (i) the hearing and determination of Global Advisors' application for remand and (ii) further proceedings in the State Court by Global Advisors for a preliminary injunction, pursuant to New York's CPLR §§ 6301 and 6313, each defendant and all employees, servants, agents, attorneys, affiliates, partners, and all other persons acting on behalf of or in concert with any of said defendants (including their respective or collective counsel), is hereby temporarily restrained and enjoined from disposing of or taking any action or engaging in any conduct or transaction involving, concerning, relating to or with respect to the Certificate, any of the shares of stock of Akoustis, Inc. represented by such Certificate as well as any proceeds derived therefrom, including, but not limited to using, transferring, encumbering, pledging, assigning, conveying, hypothecating or liquidating said Certificate, the shares of Akoustis, Inc. stock represented thereby, any proceeds derived therefrom and/or any interest therein or in any of the foregoing; and IT IS FURTHER ORDERED that sufficient cause having been shown, let service of a copy of this Order, together with the papers upon which it was granted, be made upon Defendants by overnight mail upon each such defendant (or their counsel) on or before April 13, 2017, be deemed good and sufficient service thereof; and IT IS FURTHER ORDERED that answering papers, if any, for hearing on the application for remand and a preliminary injunction shall be served upon the attorneys for plaintiff Global Advisors by delivering copies thereof via email and overnight mail to its office and address as follows: Lawrence E. Tofel, Esq., LAWRENCE E. TOFEL, P.C., 163 Washington Ave., Suite SB, Brooklyn, NY 11205, letofel@tofellaw.com, on or before 5:00 o'clock PM on April 24, 2017; and IT IS FURTHER ORDERED that plaintiff Global Advisors shall serve its reply papers upon the Defendants by ECF or overnight or email to them or their counsel, on or before May 1, 2017. (Show Cause Hearing set for 5/4/2017 at 03:00 PM in Courtroom 518, 40 Centre Street, New York, NY 10007 before Judge Vernon S. Broderick.) (Signed by Judge Vernon S. Broderick on 4/12/2017) (cla) Modified on 4/24/2017 (cla). (Entered: 04/12/2017)

| 04/12/2017 | 5 | NOTICE OF APPEARANCE by Lawrence E Tofel on behalf of CKR Global Advisors, Inc., Jeffrey A. Rinde. (Tofel, Lawrence) (Entered: 04/12/2017) |
| 04/15/2017 | 6 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** EX PARTE MOTION for Preliminary Injunction *and to Remand to State Court*. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. Return Date set for 5/4/2017 at 03:00 PM. (Attachments: # 1 Affidavit Affirmation in Support of OSC, # 2 Exhibit Exhibit |

| | | |
|---|---|---|
| | | A to Affirmation in Support Part 1 of 2)(Tofel, Lawrence) Modified on 4/17/2017 (db). (Entered: 04/15/2017) |
| 04/15/2017 | 7 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** EX PARTE MOTION for Preliminary Injunction *and to Remand to State Court; Ex B to affirmation in support part 2a of 2*. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. Return Date set for 5/4/2017 at 03:00 PM.(Tofel, Lawrence) Modified on 4/17/2017 (db). (Entered: 04/15/2017) |
| 04/15/2017 | 8 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** EX PARTE MOTION for Preliminary Injunction *and to Remand to State Court; Ex A to affirmation in support parts 2a and 2b 2*. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. Return Date set for 5/4/2017 at 03:00 PM. (Attachments: # 1 Exhibit Ex A Part 2b of 2)(Tofel, Lawrence) Modified on 4/17/2017 (db). (Entered: 04/15/2017) |
| 04/15/2017 | 9 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** EX PARTE MOTION for Preliminary Injunction *and to Remand to State Court; Ex B to affirmation in support part 1 of 3*. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. Return Date set for 5/4/2017 at 03:00 PM.(Tofel, Lawrence) Modified on 4/17/2017 (db). (Entered: 04/15/2017) |
| 04/15/2017 | 10 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** EX PARTE MOTION for Preliminary Injunction *and to Remand to State Court; Ex B to affirmation in support part 2a of 3*. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. Return Date set for 5/4/2017 at 03:00 PM.(Tofel, Lawrence) Modified on 4/17/2017 (db). (Entered: 04/15/2017) |
| 04/15/2017 | 11 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** EX PARTE MOTION for Preliminary Injunction *and to Remand to State Court; Ex B to affirmation in support part 2b of 3*. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. Return Date set for 5/4/2017 at 03:00 PM.(Tofel, Lawrence) Modified on 4/17/2017 (db). (Entered: 04/15/2017) |
| 04/15/2017 | 12 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -** EX PARTE MOTION for Preliminary Injunction *and to Remand to State Court; Ex B to affirmation in support part 3 of 3*. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. Return Date set for 5/4/2017 at 03:00 PM.(Tofel, Lawrence) Modified on 4/17/2017 (db). (Entered: 04/15/2017) |
| 04/15/2017 | 13 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** EX PARTE MOTION for Preliminary Injunction *and to Remand to State Court. Affidavit of service of OSC and supporting papers*. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. Return Date set for 5/4/2017 at 03:00 PM.(Tofel, Lawrence) Modified on 4/17/2017 (db). (Entered: 04/15/2017) |
| 04/17/2017 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Lawrence E Tofel. Document No. 6 Order to Show Cause. This document is not filed via ECF. This document was already filed by the Court on 4/12/17, SEE 4 ORDER. Only refile the Affirmation in Support of the Order to Show Cause using the Event Type - Affirmation in Support (non-motion) found under the Event Type - Other Answers, then link to 4 ORDER. Make sure to add Exhibits incorrectly filed as documents [7-12] as ATTACHMENTS to the Affirmation. (db)** (Entered: 04/17/2017) |
| 04/17/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Lawrence E Tofel to RE-FILE Document 13 EX PARTE MOTION for Preliminary Injunction *and to Remand to State Court. Affidavit of*** |

| | | |
|---|---|---|
| | | *service of OSC and supporting papers.* **Use the event type Affidavit of Service Other found under the event list Service of Process. (db)** (Entered: 04/17/2017) |
| 04/17/2017 | 14 | AFFIRMATION of Lawrence E. Tofel, Esq in Support re: 4 Order to Show Cause,,,,,,,,,,,,,,,,,,,,,, Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. (Attachments: # 1 Exhibit Exhibit A to Affirmation in Support Part 1 of 2, # 2 Exhibit Exhibit A to Affirmation in support Part 2 of 2, # 3 Exhibit Exhibit B in support Part 1 of 3, # 4 Exhibit Ex B in support Part 2 of 3, # 5 Exhibit Ex B in support Part 3 of 3, # 6 Affidavit Affidavit of service of OSC and supporting papers)(Tofel, Lawrence) (Entered: 04/17/2017) |
| 04/17/2017 | 15 | LETTER addressed to Judge Vernon S. Broderick from Gregory A. Blue dated April 17, 2017 re: Automatic Referral of Case to Bankruptcy Court. Document filed by Gary Gorham. (Attachments: # 1 Exhibit Amended Standing Order of Reference, # 2 Exhibit Order in Asanda Park Avenue v. 120 East 56th)(Blue, Gregory) (Entered: 04/17/2017) |
| 04/17/2017 | 16 | LETTER addressed to Judge Vernon S. Broderick from Lawrence E. Tofel, Esq. dated April 17, 2017 re: Requesting telephone conference. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde.(Tofel, Lawrence) (Entered: 04/17/2017) |
| 04/18/2017 | 17 | MEMO ENDORSEMENT on re: 16 Letter re: Requesting telephone conference filed by Jeffrey A. Rinde, CKR Global Advisors, Inc. ENDORSEMENT: APPLICATION GRANTED. All parties are directed to appear for a telephone conference on April 19, 2017 at 12:45 pm. Counsel for Plaintiffs is directed to email the Chambers inbox, and copy all parties, by April 18 at 5:00 p.m. to provide one dial-in number and one conference passcode that all participants will use for the April 19 telephone conference. (Telephone Conference set for 4/19/2017 at 12:45 PM before Judge Vernon S. Broderick.) (Signed by Judge Vernon S. Broderick on 4/18/2017) (cla) (Entered: 04/18/2017) |
| 04/18/2017 | 18 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by CKR Global Advisors, Inc..(Tofel, Lawrence) (Entered: 04/18/2017) |
| 04/19/2017 | | Minute Entry for proceedings held before Judge Vernon S. Broderick: Telephone Conference held on 4/19/2017. (Court Reporter Tom Murray) (msa) (Entered: 04/19/2017) |
| 04/20/2017 | 19 | ORDER: For the reasons set forth on the record at the April 19 conference and pursuant to the standing order that automatically refers bankruptcy related cases to the Bankruptcy Court, see In re Standing Order of Reference Re: Title 11, No. 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012), this case is hereby referred to the Bankruptcy Court. I note that Defendant Flangas has not appeared in this action and did not participate in the April 19 conference; however, in light of the fact that Defendant Flangas is an officer of the Court and is also an agent and/or attorney of Defendant Crone, the Order to Show cause applies to Defendant Flangas and thus he is "restrained and enjoined from disposing of or taking any action or engaging in any conduct or transaction involving, concerning or relating to or with respect to the Certificate." (Doc. 4.) (Signed by Judge Vernon S. Broderick on 4/20/2017) (cla) (Entered: 04/20/2017) |
| 04/20/2017 | | Transmission to the Case Openings Clerk. Transmitted re: 19 Order Referring Case to Bankruptcy Court, to the Case Openings Clerk for case processing. (cla) (Entered: 04/20/2017) |
| 04/24/2017 | 20 | AFFIDAVIT OF SERVICE. All Plaintiffs. Document filed by Jeffrey A. Rinde, CKR Global Advisors, Inc.. (Tofel, Lawrence) (Entered: 04/24/2017) |
| 04/24/2017 | 21 | AFFIDAVIT OF SERVICE. Susan Crone served on 4/18/2017, answer due 5/9/2017. Document filed by Jeffrey A. Rinde; CKR Global Advisors, Inc.. (Tofel, Lawrence) (Entered: 04/24/2017) |

| 04/24/2017 | | CASE TRANSFERRED OUT from the U.S.D.C. Southern District of New York to the United States Bankruptcy Court - Southern District of New York. (laq) (Entered: 04/24/2017) |
|---|---|---|
| 04/26/2017 | | USBC NEW CASE # 17-01055. (laq) (Entered: 04/26/2017) |
| 04/28/2017 | 22 | EMERGENCY LETTER addressed to Judge Vernon S. Broderick from Lawrence E. Tofel dated April 27, 2017 re: apparent disregard of this Court's Order of April 19. Document filed by CKR Global Advisors, Inc., Jeffrey A. Rinde. (Attachments: # 1 Exhibit Notice of transfer from bankruptcy court clerk)(Tofel, Lawrence) (Entered: 04/28/2017) |
| 04/28/2017 | 23 | MEMO ENDORSEMENT on re: 22 Letter, filed by Jeffrey A. Rinde, CKR Global Advisors, Inc. ENDORSEMENT: APPLICATION DENIED. The case is no longer before me and thus I do not have jurisdiction to grant Plaintiffs' request. Plaintiffs are instructed to direct their requests to the United States Bankruptcy Court for the Central District of California. (Signed by Judge Vernon S. Broderick on 4/28/2017) (mro) Modified on 5/15/2017 (mro). (Entered: 04/28/2017) |
| 05/04/2017 | 24 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/19/2017 before Judge Vernon S. Broderick. Court Reporter/Transcriber: Thomas Murray, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/25/2017. Redacted Transcript Deadline set for 6/5/2017. Release of Transcript Restriction set for 8/2/2017. (McGuirk, Kelly) (Entered: 05/04/2017) |
| 05/04/2017 | 25 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/19/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/04/2017) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/19/2017 19:22:26 | | |
| **PACER Login:** | atty208675 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:17-cv-02468-VSB |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# EXHIBIT D

6/20/2017                                                        Case Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | **INDEX NO.:** | 652963-2016 | |
| | | | | | **PLAINTIFF:** | RINDE, JEFFREY A. | |
| | | | | | **DEFENDANT:** | CRONE, MARK E. | |
| | | | | | CASE STATUS: | DISPOSED | |
| | | | | | ACTION: | CD-ECORPORATE | |
| | | | | | LAST UPDATE: | 06-20-2017 3:00PM | |
| | | | | | JUSTICE: | RAMOS, CHARLES E. | |

Home / SCROLL / CASE DETAILS                          SEARCH AGAIN  :  [                    ]  [ Search ]

**KEY TO LINKS BELOW**

| COUNTY CLERK INFORMATION |
|---|
| FULL CAPTION |
| COUNTY CLERK MINUTES |
| CC - CIVIL INDEX INQUIRY |

| COURT INFORMATION |
|---|
| CASE CAPTION |
| CASE INFORMATION |
| ATTORNEYS |
| APPEARANCES |
| MOTIONS |
| COMMENTS |
| ASSIGNED JUSTICE |



Filter: [ Motion Number ▼ ]        [ Submit ] [ Clear ]

| | Sort By | Doc # | Date Received | Document | Description | Motion # | Filing User | Payment Info |
|---|---|---|---|---|---|---|---|---|
| 1 | | 57 | 2017-03-01 | NOTICE OF BANKRUPTCY (POST RJI) | NOTICE OF AUTOMATIC STAY | - | GREGORY BLUE | AMOUNT: $ 03/01/2017 |
| 2 | | 56 | 2017-03-01 | NOTICE OF BANKRUPTCY (POST RJI) | NOTICE OF BANKRUPTCY CASE FILING | - | GREGORY BLUE | AMOUNT: $ 03/01/2017 |
| 3 | | 55 | 2017-02-23 | EXHIBIT(S) | CONFIRMATION FROM AAA OF CLOSING "CASE" | 001 | LAWRENCE TOFEL | AMOUNT: $ 02/23/2017 |
| 4 | | 54 | 2017-02-23 | LETTER / CORRESPONDENCE TO JUDGE | SUPPLEMENTING LTR-MOTION OF FEBRUARY 22, 2017 (DOCKET NO. 49, ET SEQ) | 001 | LAWRENCE TOFEL | AMOUNT: $ 02/23/2017 |
| 5 | | 53 | 2017-02-22 | EXHIBIT(S) | AAA FEB 17, 2017 ADVICE RE DEFECT AND DISMISSAL | 001 | LAWRENCE TOFEL | AMOUNT: $ 02/22/2017 |
| 6 | | 52 | 2017-02-22 | EXHIBIT(S) | CRONE'S DEFECTIVE AAA SUBMISSION | 001 | LAWRENCE TOFEL | AMOUNT: $ 02/22/2017 |
| 7 | | 51 | 2017-02-22 | EXHIBIT(S) | JAN 17, 2017 ORDER, DOCKET NO. 45 | 001 | LAWRENCE TOFEL | AMOUNT: $ 02/22/2017 |
| 8 | | 50 | 2017-02-22 | EXHIBIT(S) | TRANSCRIPT OF JAN 5, 2017 ARGUMENT | 001 | LAWRENCE TOFEL | AMOUNT: $ 02/22/2017 |
| 9 | | 49 | 2017-02-22 | LETTER / CORRESPONDENCE TO JUDGE | LETTER MOTION TO RESTORE/COMPEL ANSWER | 001 | LAWRENCE TOFEL | AMOUNT: $ 02/22/2017 |
| 10 | | 48 | 2017-02-02 | DECISION + ORDER ON MOTION | - | 002 | COURT USER | AMOUNT: $ 02/02/2017 |

Case Information

| Sort By | Doc # | Date Received | Document | Description | Motion # | Filing User | Payment Info |
|---|---|---|---|---|---|---|---|
| 11 | 47 | 2017-01-26 | EXHIBIT(S) | ORDER DATED AS OF JANUARY 17, 2017 | 001 | GREGORY BLUE | AMOUNT: $ 01/26/2017 |
| 12 | 46 | 2017-01-26 | NOTICE OF ENTRY | - | 001 | GREGORY BLUE | AMOUNT: $ 01/26/2017 |
| 13 | 45 | 2017-01-26 | DECISION + ORDER ON MOTION | - | 001 | COURT USER | AMOUNT: $ 01/26/2017 |
| 14 | 44 | 2017-01-16 | LETTER / CORRESPONDENCE TO JUDGE | PLAINTIFFS' COMMENTS AND OBJECTIONS TO DEFENDANT'S PROPOSED FORM OF ORDER | 002 | LAWRENCE TOFEL | AMOUNT: $ 01/16/2017 |
| 15 | 43 | 2017-01-13 | ORDER - (PROPOSED) "SUBMIT ORDER" PER JUDGES DECISION | - | 001 | GREGORY BLUE | AMOUNT: $ 01/13/2017 |
| 16 | 42 | 2017-01-13 | NOTICE OF SETTLEMENT W/PROPOSED ORDER/COUNTER ORDER | - | 001 | GREGORY BLUE | AMOUNT: $ 01/13/2017 |
| 17 | 41 | 2017-01-12 | ORDER - (PROPOSED) "SUBMIT ORDER" PER JUDGES DECISION | PROPOSED ORDER - PLTFS' FORM | 002 | LAWRENCE TOFEL | AMOUNT: $ 01/12/2017 |
| 18 | 40 | 2017-01-12 | NOTICE OF SETTLEMENT W/PROPOSED ORDER/COUNTER ORDER | - | 002 | LAWRENCE TOFEL | AMOUNT: $ 01/12/2017 |
| 19 | 39 | 2017-01-12 | ORDER - (PROPOSED) "SUBMIT ORDER" PER JUDGES DECISION | PROPSED ORDER- PLTFS' FORM | 001 | LAWRENCE TOFEL | AMOUNT: $ 01/12/2017 |
| 20 | 38 | 2017-01-12 | NOTICE OF SETTLEMENT W/PROPOSED ORDER/COUNTER ORDER | - | 001 | LAWRENCE TOFEL | AMOUNT: $ 01/12/2017 |
| 21 | 37 | 2016-12-09 | LETTER / CORRESPONDENCE TO JUDGE | CONSENT ADJOURNMENT ALSO PERTAINS TO MOT SEQ NO 001 | 002 | LAWRENCE TOFEL | AMOUNT: $ 12/09/2016 |

6/20/2017                                              Case Information

| Sort By | Doc # | Date Received | Document | Description | Motion # | Filing User | Payment Info |
|---|---|---|---|---|---|---|---|
| 22 | 36 | 2016-10-25 | APPENDIX | FRAUDULENT FILINGS BY DEFENDANT : APPENDIX A - EXHIBIT C TO COMPLAINT; EX D TO MOVING AFFIRMATION | 002 | LAWRENCE TOFEL | AMOUNT: $ 10/25/2016 |
| 23 | 35 | 2016-10-25 | MEMORANDUM OF LAW IN REPLY | - | 002 | LAWRENCE TOFEL | AMOUNT: $ 10/25/2016 |
| 24 | 34 | 2016-10-15 | STIPULATION - ADJOURNMENT OF MOTION -IN SUBMISSIONS PART -RM 130 | - | 002 | LAWRENCE TOFEL | AMOUNT: $ 10/15/2016 |
| 25 | 33 | 2016-10-15 | STIPULATION - ADJOURNMENT OF MOTION -IN SUBMISSIONS PART -RM 130 | - | 001 | LAWRENCE TOFEL | AMOUNT: $ 10/15/2016 |
| 26 | 32 | 2016-10-11 | MEMORANDUM OF LAW IN OPPOSITION | - | 002 | GREGORY BLUE | AMOUNT: $ 10/11/2016 |
| 27 | 31 | 2016-10-11 | MEMORANDUM OF LAW IN REPLY | - | 001 | GREGORY BLUE | AMOUNT: $ 10/11/2016 |
| 28 | 30 | 2016-09-22 | STIPULATION - ADJOURNMENT OF MOTION -IN SUBMISSIONS PART -RM 130 | STIPULATION ADJOURNING RETURN DATE OF MOTION SEQ. 001 AND 002 | 001 | GREGORY BLUE | AMOUNT: $ 09/22/2016 |
| 29 | 29 | 2016-09-16 | EXHIBIT(S) | EVIDENCE OF CRONE'S UNAUTHORIZED ACTS | 002 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 30 | 28 | 2016-09-16 | EXHIBIT(S) | SECTION OF LAW PARTNERSHIP AGREEMENT | 002 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 31 | 27 | 2016-09-16 | EXHIBIT(S) | LAW PARTNERSHIP AMENDMENT | 002 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |

6/20/2017                                              Case Information

| Sort By | Doc # | Date Received | Document | Description | Motion # | Filing User | Payment Info |
|---|---|---|---|---|---|---|---|
| 32 | 26 | 2016-09-16 | EXHIBIT(S) | CRONE RESIGNATION | 002 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 33 | 25 | 2016-09-16 | AFFIDAVIT | - | 002 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 34 | 24 | 2016-09-16 | MEMORANDUM OF LAW | IN SUPPORT OF MOTION FOR AN INJUNCTION | 002 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 35 | 23 | 2016-09-16 | NOTICE OF MOTION | FOR AN INJUNCTION | 002 | LAWRENCE TOFEL | AMERICAN EXPRESS AMOUNT: $45 09/16/2016 |
| 36 | 22 | 2016-09-16 | EXHIBIT(S) | EVIDENCE OF DEFT'S UNAUTHORIZED CONDUCT | 001 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 37 | 21 | 2016-09-16 | EXHIBIT(S) | EXCERTP FROM LAW PARTNERSHIP AGREEMENET | 001 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 38 | 20 | 2016-09-16 | EXHIBIT(S) | AMENDMENT TO LAW PARTNERHSIP AGREEMENT | 001 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 39 | 19 | 2016-09-16 | EXHIBIT(S) | DEFENDANT'S RESIGNATION | 001 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 40 | 18 | 2016-09-16 | AFFIRMATION | OF LAWRENCE TOFEL | 001 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 41 | 17 | 2016-09-16 | MEMORANDUM OF LAW IN OPPOSITION | - | 001 | LAWRENCE TOFEL | AMOUNT: $ 09/16/2016 |
| 42 | 16 | 2016-08-25 | STIPULATION - ADJOURNMENT OF MOTION -IN SUBMISSIONS PART -RM 130 | - | 001 | LAWRENCE TOFEL | AMOUNT: $ 08/25/2016 |
| 43 | 15 | 2016-08-15 | ADDENDUM - COMMERCIAL DIVISION (840C) | - | 001 | GREGORY BLUE | AMOUNT: $ 08/15/2016 |

6/20/2017                                          Case Information

| Sort By | Doc # | Date Received | Document | Description | Motion # | Filing User | Payment Info |
|---|---|---|---|---|---|---|---|
| 44 | 14 | 2016-08-15 | RJI -RE: NOTICE OF MOTION | - | 001 | GREGORY BLUE | AMERICAN EXPRESS AMOUNT: $95 08/15/2016 |
| 45 | 13 | 2016-08-15 | MEMORANDUM OF LAW | - | 001 | GREGORY BLUE | AMOUNT: $ 08/15/2016 |
| 46 | 12 | 2016-08-15 | EXHIBIT(S) | COMPLAINT | 001 | GREGORY BLUE | AMOUNT: $ 08/15/2016 |
| 47 | 11 | 2016-08-15 | EXHIBIT(S) | PARTNERSHIP AGREEMENT | 001 | GREGORY BLUE | AMOUNT: $ 08/15/2016 |
| 48 | 10 | 2016-08-15 | AFFIDAVIT | - | 001 | GREGORY BLUE | AMOUNT: $ 08/15/2016 |
| 49 | 9 | 2016-08-15 | NOTICE OF MOTION | - | 001 | GREGORY BLUE | AMERICAN EXPRESS AMOUNT: $45 08/15/2016 |
| 50 | 8 | 2016-07-28 | STIPULATION - TIME TO ANSWER | - | - | GREGORY BLUE | AMOUNT: $ 07/28/2016 |
| 51 | 7 | 2016-07-28 | NOTICE OF APPEARANCE (PRE RJI) | - | - | GREGORY BLUE | AMOUNT: $ 07/28/2016 |
| 52 | 6 | 2016-07-27 | AFFIRMATION/AFFIDAVIT OF SERVICE | - | - | LAWRENCE TOFEL | AMOUNT: $ 07/27/2016 |
| 53 | 5 | 2016-06-03 | EXHIBIT(S) | FALSE AND FRAUDULENT CORPORATE FILINGS | - | LAWRENCE TOFEL | AMOUNT: $ 06/03/2016 |
| 54 | 4 | 2016-06-03 | EXHIBIT(S) | DEFENDANT'S REPRESENTATIONS | - | LAWRENCE TOFEL | AMOUNT: $ 06/03/2016 |
| 55 | 3 | 2016-06-03 | EXHIBIT(S) | INCORPORATION AND CHANGES OF NAME | - | LAWRENCE TOFEL | AMOUNT: $ 06/03/2016 |

6/20/2017                                          Case Information

| Sort By | Doc # | Date Received | Document | Description | Motion # | Filing User | Payment Info |
|---|---|---|---|---|---|---|---|
| 56 | 2 | 2016-06-03 | COMPLAINT | - | - | LAWRENCE TOFEL | AMOUNT: $ 06/03/2016 |
| 57 | 1 | 2016-06-03 | SUMMONS | - | - | LAWRENCE TOFEL | AMOUNT: $ 06/03/2016 |
| | | | | | | | |

Documents that have been entered into the minutes of the County Clerk bear a stamp stating "Filed," followed by the date of filing (entry date) and the words "New York County Clerk's Office." Except in matrimonial cases (documents for which are not included in Scroll), judgments are not entered by the County Clerk until an attorney for a party to the case appears at the Judgment Clerk's desk (Rm. 141B at 60 Centre Street) and requests entry. Copies of unfiled judgments bearing a stamp stating "Unfiled Judgment" and a notice to counsel may be found in Scroll. For technical reasons, some long form orders or other documents that were scanned in the early phase of this project may be categorized here as a "Decision."

[BACK] [NEW SEARCH]

60 Centre Street, New York NY 10007
Copyright © 2006 Unified Court System

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):  REPLY TO OPPOSITION TO MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION; DECLARATION OF MARK ELIAS CRONE AND SUPPLEMENTAL DECLARATION OF DAVID M. GOODRICH IN SUPPORT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 20, 2017  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Stephen F Biegenzahn on behalf of Defendant Ascendant Global Advisors, Inc.
efile@sfblaw.com

Leslie A Cohen on behalf of Interested Party Courtesy NEF
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

Jerome Bennett Friedman on behalf of Interested Party CKR Law, LLP
jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com;sbiegenzahn@flg-law.com

Jerome Bennett Friedman on behalf of Interested Party Jeffrey A. Rinde
jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com;sbiegenzahn@flg-law.com

David B Golubchik on behalf of Interested Party Courtesy NEF
dbg@lnbyb.com, dbg@ecf.inforuptcy.com

David M Goodrich on behalf of Plaintiff Howard M. Ehrenberg
dgoodrich@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;dgoodrich@ecf.inforuptcy.com;slee@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 20, 2017 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
The Honorable Barry Russell
United States Bankruptcy Court
Roybal Federal Building
255 East Temple Street, Suite 1582
Los Angeles, CA 90012-3332

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 20, 2017 | Denise Walker | /s/Denise Walker |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**