FILED

SEP 2 9 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

1  LEO P. FLANGAS
   Nevada Bar No. 5637
2  Admitted Pro Hac Vice
   600 South Third Street
3  Las Vegas, Nevada 89101
   TEL: (702) 384-1990/FAX: (702) 384-1009
4  Leo@FlangasLawOffice.com
   *Attorney for Susan Crone*
5

6              **UNITED STATES BANKRUPTCY COURT**

7               **CENTRAL DISTRICT OF CALIFORNIA**

8                   **LOS ANGELES DIVISION**

9  | In re: | CASE NO: 2:17-bk-12392-BR |

10 MARK ELIAS CRONE,                    Chapter 7

11        Debtor;                       Adv. No. 2:17-ap-01276-BR

12                                       **SUSAN CRONE THIRD PARTY**
                                         **COMPLAINT AGAINST THIRD PARTY**
13 HOWARD M. EHRENBERG, Chapter 7       **DEFENDANTS JEFFREY RINDE, CKR**
   Trustee,                             **LAW, LLP, AND VERTEX ADVISORS**
14                                       **LIMITED**
           Plaintiffs,
15 vs.

16 SUSAN I. CRONE, an Individual,
   ASCENDANT GLOBAL ADVISORS, INC.,
17 a Nevada Corporation,

           Defendants.
18

19 SUSAN I. CRONE,

20         Defendant and Third-Party
21 Plaintiff
   vs.
22

23 JEFFREY RINDE, an Individual,
   CKR LAW, LLP, a California Limited
24 Liability Partnership; and
   VERTEX ADVISORS LIMITED, Foreign
25 Private Limited Company

26         Third Party Defendants.
27

28

                              -1-

SUSAN I. CRONE, defendant and third-party plaintiff ("Third Party Plaintiff"), through her attorney, Leo P. Flangas, admitted pro hac vice, alleges:

## JURISDICTION AND VENUE

1.      This Honorable Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) over this proceeding.  The claim for declaratory relief asserted are related to a Chapter 7 case and adversary proceeding pending under title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California.  The Chapter 7 case is *In re Mark Elias Crone*, Bk Case No. 2:17-bk-12392-BR ("Bankruptcy Case").  The adversary proceeding in the Bankruptcy Case is HOWARD M. EHRENBERG, Chapter 7 Trustee v. SUSAN I. CRONE, an Individual, and ASCENDANT GLOBAL ADVISORS, INC., a Nevada Corporation, Adv. No. 2:17-ap-01276-BR ("Trustee Adversary Proceeding").  The outcome of this proceeding will have a direct effect on the amount of money that the Trustee can distribute to alleged creditors and the Bankruptcy Case and is therefore "related to" the Bankruptcy Case.

2.      This is a non-core proceeding under 28 U.S.C. §157(b).  Consent is given to the entry of final orders and judgment by this Honorable Court.

3.      Pursuant to 28 U.S.C. §1409 venue is proper in the Central District of California because the Bankruptcy and Trustee Adversary Proceeding are pending this district and division.

## PARTIES

4.      Third Party Plaintiff Susan Crone ("Susan Crone") is an individual who has been served with an Adversary Complaint on May 19, 2017 (ECF 3) and attached as Exhibit

1 ("Complaint").  Third Party Plaintiff has filed an Answer on September 14, 2017 (ECF 54), and is incorporated by reference.

5.    Third Party Defendant Jeffrey Rinde is an individual who, upon information and belief resides in New York and is a Plaintiff in the following Adversary Proceedings in this Bankruptcy Case:

     a.  *Jeffrey Rinde v. Crone, et. al*. Adv. No. 2:17-ap-01289-BR;

     b.  *Jeffrey Rinde v. Mark Crone*, Adv. No. 2:17-ap-01311-BR.

6.    Third Party Defendant CKR Law is a California Limited Liability Partnership and is a Plaintiff in the following Adversary Proceeding in this Bankruptcy Case:

     a.  *CKR Law v. Mark Crone*, Adv. No. 2:17-ap-01310-BR.

7.    Third Party Defendant Vertex Advisors Limited is a Foreign Company organized under the laws of England and Wales and is a Plaintiff in the following Adversary Proceeding in this Bankruptcy Case:

     a.  *Vertex Advisors Limited v. Mark Crone*, Adv. No. 2:17-ap-01312-BR.

## GENERAL ALLEGATION

8.    In the Complaint served upon Susan Crone, the Trustee is seeking avoidance of transfer of a Stock Certificate alleges in general that the interest in this Stock Certificate was not transferred with adequate consideration for purposes of satisfying value.[1]

9.    Susan Crone denied any and all allegations as asserted in the Answer and this matter is currently being litigated in this Adversary Proceeding.

---

[1] *See* Complaint.

10.    In the proceedings in the Bankruptcy Case and New York State cases, the Third-Party Defendants are claiming themselves as Creditors and or are asserting that some debt is owed to them by Global Advisors and therefore they have rights or ownership interest in the Stock Certificate.

11.    The following actual controversies have arisen between Susan Crone and each or all of the Third- Party Defendants:

    a.  Their rights and interests and actual net value of the interest in the AKTS Shares;

    b.  Susan Crone's rights to pursue legal action as a third party beneficiary and or with third party standing due to her contractual right to the property interest, (of which was conveyed to Susan Crone in Debtor's and Susan Crone's Marital Settlement Agreement as part of the equitable distribution  the marital property) in the amount of damages to be awarded or proceeds of any settlement from disputes or claims against Jeffrey Rinde.[2]

## STATEMENT OF FACTS

12.    Jeffrey Rinde and Debtor Mark Crone are each 50% shareholders of CKR Global Advisors, a Nevada Limited Liability Company, now known as Ascendant Global Advisors, LLC, ("Global Advisors").

13.    Jeffrey Rinde filed several shareholder derivative actions purportedly on behalf of Global Advisors against Debtor Mark Crone:

---

[2] *See* Debtor Mark Crone Chapter 7 Petition, Schedule A/B Property, at page 11 of 62; Also see §6.3 of the Marriage Settlement Agreement.

a.   On July 3, 2016, Plaintiffs filed an action against Mark Crone in the Supreme Court of New York, *Jeffrey A. Rinde and CKR Global Advisors, Inc., Plaintiffs v. Mark Crone*, Index No. 652963/2016 ("the 2016 State Court Action").[3]

b.   Adversary proceedings: *CKR Global Advisors v. Mark Crone*, Adv. No. 2:17-ap-01309-BR; *CKR Law v. Mark Crone*, Adv. No. 2:17-ap-01310-BR; *Jeffrey Rinde v. Mark Crone*, Adv. No. 2:17-ap-01311-BR; *Vertex Advisors Limited v. Mark Crone*, Adv. No. 2:17-ap-01312-BR.

14.   Plaintiff Susan Crone is informed and believes and therefore alleges that Debtor Mark Crone is the founding shareholder of CKR Global Advisors currently known as Ascendant Global Advisors, Inc. ("Global Advisors" or "the Entity"). The Entity, originally called Sands of Time, Inc., was formed by Debtor and an unrelated third-party in 2010. Subsequently, the name of the Entity was changed to Flourz GF Bakery Simsbury CT, Inc., and then to CKR Global Advisors, Inc. in 2014, and finally to Ascendant Global Advisors, Inc. in 2015.

15.   Plaintiff Susan Crone is informed and believes and therefore alleges that Debtor has been an officer, shareholder and director of the Entity. Since at least May 2015, Debtor has been an officer, 50% shareholder and 1 of only 2 directors of the Entity.

16.   Plaintiff Susan Crone is informed and believes and therefore alleges that Debtor remains an officer, a 50% shareholder, and 1 of 2 board members of Global Advisors.

17.   Plaintiff Susan Crone is informed and believes and therefore alleges that under the Entity's bylaws, any material decisions (including decisions to retain counsel, dissolve the

---

[3] *See* Exhibit 7.

Entity, or incur debt) would have be approved by the board or shareholders and cannot be made unilaterally by Rinde.

18.    Plaintiff Susan Crone is informed and believes and therefore alleges that although decisions for Global Advisors are allegedly being made, they are being made without shareholder or board member approval and are therefore invalid.

19.    Plaintiff Susan Crone is informed and believes and therefore alleges that prior to Debtors departure from CKR Law in 2016, Global Advisors had no employees, and since that time has not hired any employees.  Nor has Global Advisor owed any money to creditors.

20.    Plaintiff Susan Crone is informed and believes and therefore alleges that Global Advisors was never operational nor had a bank account until a single account was opened in 2016, which held minimal funds.

21.    Plaintiff Susan Crone is informed and believes and therefore alleges that Global Advisors did sign contracts with purported "consultants" they were to be paid only if they generated revenue.

22.    Plaintiff Susan Crone is informed and believes and therefore alleges that none of these "consultants" generated any revenue for Global Advisors.

23.    Plaintiff Susan Crone is informed and believes and therefore alleges that Global Advisors entered into a lease agreement for office space, because Global Advisors never operated, CKR Law was the only one of the businesses to actually ever use the space.

24.    Plaintiff Susan Crone is informed and believes and therefore alleges that Global Advisor never used it because it had no business or operations and CKR Law paid all of the rent on behalf of CKR Law because CKR Law was operating and had employees that used the office exclusively for CKR Law.

25.    Plaintiff Susan Crone is informed and believes and therefore alleges that Jeffrey Rinde has no standing to make any material decisions on behalf of Global Advisors including lack of standing to assert or incur debts owed to CKR Law or Vertex from Global Advisors.

26.    Plaintiff Susan Crone is informed and believes therefore alleges, based on the lack of supporting documentation, that the claims of the debts allegedly owed to CKR Law and Vertex Advisors are fraudulent.

**Third Party Standing to Settlement Proceeds or Award from Court from Dispute with Jeffrey Rinde under Marriage Settlement Agreement**

27.    Third Party Plaintiff Susan Crone and Debtor Mark Crone were married on May 23, 1992 in Avon, Connecticut.

28.    In late 2015, Susan Crone and Debtor agreed to dissolve their twenty-three-year-old marriage due to irreconcilable differences.

29.    Connecticut is an equitable distribution state and under these laws, in or around May 12, 2016, Susan Crone and Debtor assessed their respective properties at the time held by each spouse as marital property and determined and agreed to what properties would be equitably distributed.

30.    These properties included properties that either spouse presently had a contractual right.

31.    Susan Crone and Debtor contemplated, as part of the equitable distribution the method for determining the value of the properties to be distributed and how to distribute.

32.    On June 30, 2016 Susan Crone filed an action in dissolution the State of Connecticut Superior Court, case No. HHD-FA-16-6069481-S.

33.    On November 30, 2016, Susan Crone and Debtor entered into the Marital Settlement Agreement ("MSA") which memorialized all agreements of the equitable distribution of their properties.[1]

34.    On November 30, 2016, the Connecticut Superior Court held an uncontested hearing and determined as to what was agreed to by the parties constituted equitable distribution of the marital assets entered the judgment of dissolution.

35.    As expressed in the MSA and claimed in Debtor's Chapter 7 Petition, there existed and currently exists disputes between Jeffrey Rinde and Debtor. These disputes or claims took place prior to the dissolution of the marriage and were determined to be personal property, of which the proceeds were equitably distributed to Susan Rinde.

36.    As expressed in §6.3 of the MSA, as part of the equitable distribution, Debtor conveyed to Susan Crone any proceeds received via settlement of the dispute between Debtor and Rinde.

***Agreement Between Debtor and Rinde***

37.    Plaintiff Susan Crone is informed and believes and therefore alleges that, in February of 2014, Debtor and Scott Kline ("Kline") entered into a partnership agreement, forming a 50/50 partnership known as Crone Kline LLP (a California limited liability partnership).

38.    Plaintiff Susan Crone is informed and believes and therefore alleges that Jeffrey Rinde requested he be made a part of the partnership, and was thereafter admitted as an equal partner (thus creating a 33/33/33 partnership). In or about late 2014, Kline resigned from the firm, leaving Debtor and Rinde as 50/50 partners.

---

[1] *See* Marriage Settlement Agreement.

39.     Plaintiff Susan Crone is informed and believes and therefore alleges that upon admitting Rinde, the name of the partnership entity had been legally changed to Crone Kline Rinde LLP.  Upon the departure of Kline in late 2014, the name of the entity was again changed, to CKR Law, LLP.

40.     Plaintiff Susan Crone is informed and believes and therefore alleges that the time the partnership agreement was effectuated, Debtor and Rinde intended that CKR Law would perform business services as a for-profit entity. Under the terms of their agreement, both Debtor and Rinde agreed to serve as managing members.

41.     Plaintiff Susan Crone is informed and believes and therefore alleges that in addition to the Debtor and Rinde's agreement to form CKR Law, Debtor and Rinde entered into a contractual agreement *with each other*, pursuant to which they shared equally the ownership interests (to mirror their 50/50 relationship in CKR Law) in various other existing corporate entities and newly formed corporate entities and newly formed businesses.  This included the *contribution into the "business"* of Debtor and Rinde of a Nevada corporation, now Global Advisors, which was previously owned 100% by Debtor and of two Hong Kong-based entities by the name Megos Trading Corp. Limited ("Megos") and Equis Holdings Limited ("Equis") owned by Rinde  as further discussed below.

42.     Plaintiff Susan Crone is informed and believes and therefore alleges that in or around January 2014 of Debtor's and Rinde's contractual relationship between each other, Rinde owned directly or controlled (including through third parties), two (2) offshore entities: Megos Trading Corp. Limited (hereinafter "Megos"), and Equus Holdings Limited (hereinafter "Equus").

43.    Plaintiff Susan Crone is informed and believes and therefore alleges that Debtor and Rinde agreed that Rinde would retain his 100% ownership of Equus, and that the 100% ownership interest in Megos would be transferred to Debtor.

44.    Plaintiff Susan Crone is informed and believes and therefore alleges that despite repeated requests by Debtor to Rinde throughout the duration of their relationship to complete the change in ownership of Megos to Debtor, Rinde consistently stated that he was too busy and that due to banking laws Rinde would need to go to HK to complete the change, but not to worry that Rinde would take care of it in due course.

***Susan Crone has Third Party Interest in Settlement Proceeds or Award from the Disputes Arising from Rinde Breaching Agreement with Debtor***

45.    Plaintiff Susan Crone is informed and believes and therefore alleges that, meanwhile, except on rare occasion, 50% of each stock position (that the CKR Law received from a client of CKR Law) was placed for Debtor into Megos, and 50% of such stock position was placed for Rinde into Equus (Debtor in fact signed subscription agreements for stock positions as CEO of Megos on several occasions).  Among other grants, Debtor and Rinde received twenty-five thousand (25,000) shares of stock in Akoustis (AKTS).[5]

46.    Plaintiff Susan Crone is informed and believes and therefore alleges that, at the time that these AKTS shares were received, the shares were again placed equally into Megos and Equus, as had been the parties' custom and practice. Although the parties agreed that Rinde would control Equus and that the ownership interest in Megos would be transferred

---

[5] Not to be confused with the 100,000 shares of AKTS stock that is owned by Global Advisors and the interest in 50% of which was part of the equitable distribution of the Marriage Settlement Agreement.

to Debtor exclusively, as with other representations made by Rinde, Rinde did not intend and failed to adhere to the terms of the Debtor's contractual agreement. Upon information and belief, Rinde has already sold Crone's interest in the subject shares of AKTS held in Megos, which themselves are valued at $125,000.00. Other stocks are still in Megos that belong to Crone (disclosed in Crone's bankruptcy schedules).

47.     Third Party Plaintiff Susan Crone is a third-party beneficiary and therefore has a right to sue and has contract rights to the following claims and seeks the monetary and equitable remedies.

## FIRST CAUSE OF ACTON
### (Declaratory Judgment Against all Third-Party Defendants)

Third Party Plaintiff incorporates the preceding allegations and further states:

48.     An actual controversy has arisen between Susan Crone and each of the Third-Party Defendants as to the rights and actual net value of the AKTS Shares.

49.     Third Party Defendants assert that loans were made to Global Advisors and therefore as creditors to Global Advisors are entitled to be paid from the proceeds from the AKTS Shares.

50.     Plaintiff Susan Crone is informed and believes and therefore alleges that Jeffrey Rinde has no standing to make any material decisions on behalf of Global Advisors including lack of standing to assert or incur debts owed to CKR Law or Vertex from Global Advisors.

51.     Plaintiff Susan Crone is informed and believes therefore alleges, based on the lack of supporting documentation, that the claim of the debts allegedly owed to CKR Law and Vertex Advisors is fraudulent.

52.    As a result of the controversies and disputes, Plaintiff Susan Crone desires a judicial determination of the following is necessary and appropriate:  a) whether Jeffrey Rinde has standing to assert these alleged debts that are adverse and against her rights and interests in the 50% of the AKTS shares.

53.    It has become necessary for Susan Crone to engage the service of an attorney to commence this action to enforce and is therefore entitled to reasonable attorney's fees and costs as damages.

### SECOND CAUSE OF ACTION
**Breach of Contract**
**(Against Jeffrey Rinde)**

Third Party Plaintiff incorporates the preceding allegations and further states:

54.    Debtor and Rinde entered into a valid and binding contractual agreement *with each other*, pursuant to which they shared equally the ownership interests (to mirror their 50/50 relationship in CKR Law) in various other existing corporate entities and newly formed corporate entities and newly formed businesses.

55.    Defendant Rinde breached the agreement by selling shares and not distributing Debtor the 50% proceeds.

56.    As a direct and proximate cause of the above described conduct, acts and/or omissions of the Defendant, Susan Crone have incurred damages in excess of $10,000.00.

57.    It has become necessary for Susan Crone to engage the service of an attorney to commence this action to enforce this contract and is therefore entitled to reasonable attorney's fees and costs as damages.

### THIRD CAUSE OF ACTION
**Breach of the Implied Covenant of Good Faith and Fair Dealing – Contract
(Against Jeffrey Rinde)**

Third Party Plaintiff incorporates the preceding allegations and further states:

58.    Implied in Debtor's and Rinde's agreement is the Covenant of Good Faith and Fair Dealing.  This means that each party impliedly agreed not to do anything to destroy or injure the right of the other party.

59.    Rinde breached this Covenant of Good Faith and Fair Dealing by all the actions delineated above and generally by selling shares that belonged to the Debtor.

60.    As a direct and proximate cause of the above described conduct, acts and/or omissions of the Defendant, Susan Crone have incurred damages in excess of $10,000.00.

61.    Susan Crone has third party standing to sue due to her contractual right to property interest in the amount of damages caused by Defendant's acts or omissions.

62.    It has become necessary for Susan Crone to engage the service of an attorney to commence this action to enforce the covenant of good faith and is therefore entitled to reasonable attorney's fees and costs as damages.

### FOURTH CAUSE OF ACTION
**Conversion
(Against Jeffrey Rinde)**

Third Party Plaintiff incorporates the preceding allegations and further states:

63.    Defendant allowed and/or permitted the misappropriation and wrongful conversion of proceeds from AKTS Shares belonging to Debtor.

64.    Third Party Plaintiff owns the contract rights and property interest to the damages from the claim of these shares.

65.    Defendant allowance of the wrongful exercise of dominion and control was in derogation, exclusion and/or defiance of Plaintiffs' ownership rights and/or interest of the personal property.

66.    As a direct and proximate cause of the above described conduct, acts and/or omissions of the Defendant, Plaintiffs have incurred damages in excess of $10,000.00, with the exact amount of damages to be determined at Trial of this matter.

67.    It has become necessary for Susan Crone to engage the service of an attorney to commence this action to enforce and is therefore entitled to reasonable attorney's fees and costs as damages.

Dated:  September 28, 2017

Respectfully submitted,

/s/LEO FLANGAS
LEO P. FLANGAS
Nevada Bar No. 5637
Admitted Pro Hac Vice
600 South Third Street
Las Vegas, Nevada 89101
TEL: (702) 384-1990
FAX: (702) 384-1009
Leo@FlangasLawOffice.com
*Attorney for Susan Crone*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

600 S. Third Street
Las Vegas, NV 89101

A true and correct copy of the foregoing document entitled (*specify*):

## Third Party Complaint

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____September 28, 2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen
Leslie Cohen Law PC
leslie@lesliecohenlaw.com
*Attorney for Debtor Mark Crone*

Steven Werth
SulmeyerKupetz
swerth@sulmeyerlaw.com

Howard M Ehrenberg (Trustee)
SulmeyerKupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071
(213) 626-2311

David M Goodrich, Esq
333 S Hope St 35th Fl
Los Angeles, CA 90071
213-626-2311
Fax : 213-629-4520
*Email: dgoodrich@sulmeyerlaw.com*
*Attorney for Trustee*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

SCOTT J. TEPPER
Law Offices of GARFIELD & TEPPER
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
Tel:   310-277-1981 /Fax:   818-225-5350 /Cell:   310-359-3271
SJT@garfieldtepperlaw.com - new email address

Lawrence E. Tofel, P.C.
letofel@tofellaw.com
*Attorney for Plaintiff/Creditors Jeffrey Rinde and CKR Global Advisors, Inc.*

Stephen F Biegenzahn
efile@sfblaw.com
*Attorney for Jeffrey Rinde, CKR Global Advisors,*
*CKR Law and Vertex Advisors*

Michael Sobkowiak, Esq.
Friedman Law Group, P.C.
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
(310) 552-8210
(310) 733-5442 (fax)


Jerome Bennett Friedman
jfriedman@flg-law.com
*Attorney for Jeffrey Rinde, CKR Global Advisors,*
*CKR Law and Vertex Advisors*

**Leo P. Flangas, Esq**
Flangas Law Firm, Ltd.
600 South Third Street
Las Vegas, Nevada 89101
Tel: (702) 384-1990
Fax: (702) 384-1009
Leo@FlangasLawFirm
*Attorney for Susan Crone*

Theresa Mains, P.A.
400 S. 4th St., Suite 500
Las Vegas, NV 89101
Theresa@theresamainsPA.com
*Attorney for Mark Crone*

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**2.  SERVED BY UNITED STATES MAIL**:

On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 3, 2017 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Email:

David M. Goodrich
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071
Voice: 213.626.2311  Fax: 213.629.4520
E-Mail: dgoodrich@sulmeyerlaw.com
*Attorney for Trustee*

X ☐ Service information cont on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Leo Flangas | | /s/Leo Flangas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2016*                                                    **F 2090-1.2.APP.NONRES.ATTY**